Argued and submitted April 12, the decision of the Court of Appeals reversed and the judgment of the trial court affirmed August 16, 1990

## Donald C. BAKER,
*Respondent on Review,*

*v.*

## Maryanne FOY,
*Defendant (below),*

*and*

## Patrick FOY,
*Petitioner on Review.*

(TC A8803-01197; CA A50641; SC S36754)

797 P2d 349

Duane Vergeer, of Vergeer, Roehr & Sweek, Portland, argued the cause and filed the petition for petitioner on review.

Philip M. Lebenbaum, of David J. Hollander & Associates, Portland, argued the cause and filed a response to the petition for respondent on review.

Before Peterson, Chief Justice, and Carson, Jones,** Gillette, Van Hoomissen, Fadeley, and Unis, Justices.

UNIS, J.

** Jones, J., resigned April 30, 1990.

## UNIS, J.

The issue in this case is whether there was adequate service of summons on defendant under Rule 7 of the Oregon Rules of Civil Procedure (ORCP) before the running of the applicable statute of limitations. We hold that there was not adequate service of summons. We reverse the decision of the Court of Appeals, which held that service was adequate, and affirm the judgment of the trial court, which held that service was not adequate.

On March 3, 1988, two days before the applicable statute of limitations was to run, plaintiff filed a complaint based on negligence, seeking money damages from defendant and defendant's mother.[1] Plaintiff, in his complaint, alleged that he suffered personal injuries on March 5, 1986, due to defendant's negligent operation of defendant's mother's vehicle. On the same date the complaint was filed (March 3, 1988), a process server served a copy of the summons and complaint on defendant's mother at her residence and also handed her a copy of the summons and complaint directed to defendant to appear and defend. Defendant, who was 17 years old at that time (March 3, 1988), had not lived at his mother's residence since August 1985, although he told the investigating officers at the scene of the accident that he lived at his mother's residence.[2] On April 5, 1988, plaintiff's attorney sent a true copy of the summons and complaint by certified mail, return receipt requested, to defendant at the address of his mother's residence. Later, defendant learned of plaintiff's claim when he read the complaint that had been left with his mother.[3] At the time the process server left a copy of the summons and complaint for defendant with defendant's mother, defendant continued to receive mail at his mother's address. Motor Vehicles Division records showed defendant and his father as the registered owners of the vehicle involved in the accident and showed defendant's mother's address.

---

[1] The applicable statute of limitations for plaintiff's claim is two years. ORS 12.110(1).

[2] At defendant's deposition taken on October 3, 1988, defendant testified that in March 1988 he was probably living at his girlfriend's home.

[3] The record is unclear as to exactly when defendant read the complaint at his mother's home. At his deposition taken on October 3, 1988, defendant testified that to the best of his recollection "it was like in March or April of this year [1988]." Then later in the same deposition he said it could have been "[f]our months or so [earlier]."

Defendant moved for summary judgment, claiming that he was not properly served with the summons and complaint. The trial court relied on *Jordan v. Wiser,* 302 Or 50, 726 P2d 365 (1986), and granted defendant's motion for summary judgment.[4] The trial court found "[t]hat at the time of service upon defendant['s mother], [defendant] was not a resident of the household of [his mother] and did not reside at [that] address."

The Court of Appeals, relying on our decision in *Lake Oswego Review v. Steinkamp,* 298 Or 607, 695 P2d 565 (1985), held that defendant had been properly served because the service was reasonably calculated to apprise defendant of the pendency of the action. *Baker v. Foy,* 99 Or App 410, 414, 782 P2d 439 (1989). Presiding Judge Buttler dissented, believing that this case is a clone of *Jordan v. Wiser, supra,* that there had been no service of summons on defendant and that, therefore, actual notice did not cure defective attempted service. 99 Or App at 414-15.

■ We granted defendant's petition for review to determine whether valid service had been made and whether the relationship between *Jordan v. Wiser, supra,* and *Lake Oswego Review v. Steinkamp, supra,* needs clarification.

Under ORCP 4, an Oregon court does not have jurisdiction over a defendant unless there is service of summons pursuant to ORCP 7. Adequate service of summons is required to prevent the running of the applicable statute of limitations. *See* ORS 12.020.

The pertinent provisions of ORCP 7 relating to service of summons are set out at length in the Appendix to this opinion and will be referred to as appropriate.

■ ORCP 7 D(1) sets forth a "reasonable notice" standard[5] for determining adequate service of summons: "Sum-

---

[4] The trial court also granted summary judgment to defendant's mother because she was not the owner of the automobile. Plaintiff did not appeal that judgment.

[5] The phrase "reasonable notice" is a shorthand description of the requirement of adequate service set forth in ORCP 7 D(1) and used by Professor Merrill in his discussion of the standard of adequate service under ORCP 7. *See* Merrill, *Jurisdiction and Summons in Oregon* 141, § 2.02 (1986). *See also* Annot., Necessity and Sufficiency of Service of Process Under Due Process Clause of Federal Constitution's Fourteenth Amendment - Supreme Court Cases, 100 L Ed 2d 1015, 1027 § 7 (1990). So understood, "reasonable notice" is not a free-standing concept.

mons shall be served * * * *in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend. * * *"* (Emphasis added.)[6] Rather than requiring a particular manner of service to satisfy the standard of adequate service, the rule endorses the process of examining the totality of the circumstances, to determine if the service of summons was reasonably calculated to provide defendant with notice of the action and reasonable opportunity to appear and defend. *Lake Oswego Review v. Steinkamp, supra,* 298 Or at 611.

■     To provide guidance for types of service that may meet the "reasonable notice" standard of adequate service, ORCP 7 D(1) lists specific methods of service of summons. Merrill, *Jurisdiction and Summons in Oregon* 138, § 2.02 (1986). The particular methods of service described in ORCP 7 D(2) are methods which *may* be used. ORCP 7 D(1). They are not exclusive.[7] Absolute compliance with one of the methods of service specified in ORCP 7 D(1) is, therefore, not required for adequate service of summons on an individual defendant. *See Lake Oswego Review v. Steinkamp, supra,* 298 Or at 613 (service by mail upon an individual defendant different than the service by mail illustrated in ORCP 7 D(2)(d) held valid service). What is mandatory is that whatever manner or method of service is employed by a plaintiff, it must

---

[6] In determining whether notice is adequate, most courts, including this one, usually look at the totality of the circumstances *retrospectively.* A literal reading of the quoted language of ORCP 7 D(1) suggests, however, that the reasonableness of the means chosen to make service by plaintiff or plaintiff's attorney be examined prospectively. Prospectively, the inquiry is: Had plaintiff or plaintiff's attorney given instructions to use the means by which service was actually made, would that comply with the requirements of ORCP 7 D(1)? The inquiry from a prospective examination is much the same as if the attorney, being unable to use any of the methods of service specified in ORCP 7 D(2), filed a motion under ORCP 7 D(6)(a) for an order authorizing service thereunder. The question for the judge in the event of such a motion would be: Is the proposed method of service one that "under the circumstances is most reasonably calculated to apprise the defendant of the existence and pendency of the action?" ORCP 7 D(6)(a).

In short, the issue is the same, whether the facts are viewed retrospectively or prospectively: Was the method of service selected — and the case is treated as if the plaintiff's attorney had selected *that* method of service — "reasonably calculated to apprise the defendant of the existence and pendency of the action?"

[7] ORCP 7 D(4) specifies a special method of service "in any action arising out of any accident, collision, or liability in which a motor vehicle may be involved while being operated upon the roads, highways, and streets of this state." Plaintiff does not contend that the service in this case is adequate under ORCP 7 D(4).

satisfy the aforementioned "reasonable notice" standard of adequate service of ORCP 7 D(1).

■       Service of summons on an individual defendant in accordance with personal service, *see* ORCP 7 D(2)(a), substituted service, *see* ORCP 7 D(2)(b), or office service, *see* ORCP 7 D(2)(c),[8] is presumptively adequate service, *i.e.*, it is presumed to be service reasonably calculated, under all the circumstances, to apprise defendant of the pendency of the action and to afford defendant a reasonable opportunity to appear and defend.[9]

ORCP 7 D(2) describes *how* each of the specified methods of service listed in ORCP 7 D(1) may be made, and ORCP 7 D(3) prescribes *when* the particular methods of service may be used for particular defendants. For example, ORCP 7 D(3)(a)(i) sets forth the permissible methods of service upon an individual defendant[10] and the preferences that exist among those different approved methods of service.

ORCP 7 E lists the qualifications a person must possess before that person can be authorized to serve summons.

ORCP 7 F(4) describes the effect of failure to make or file a proper proof of service.

---

[8] In *Lake Oswego Review v. Steinkamp*, 298 Or 607, 613, 695 P2d 565 (1985), we said, "[s]ervice by mail on individual defendant is not presumptively adequate notice under ORCP 7."

"Although ORCP 7 D(2)(d) describes service by mail, ORCP 7 does not specify mail as a method of service for all defendants. * * * While other jurisdictions, including the federal courts, allow some type of service of summons by mail for individual defendants, the Council [on Court Procedures] decided that mail was not sufficiently reliable to be specified as a general service method for all circumstances."

*See* Merrill, *supra* at 156, § 2.11.

[9] Although publication is a method of service mentioned in ORCP 7 D(1), Professor Merrill suggests that it is not presumptively valid service under ORCP 7. Merrill, *supra* at 171, § 2.19 ("* * * Publication is not a prima facie valid service method under Rule 7. Though it was at one time the primary alternative to the delivery of summons to the defendant, publication is now merely one of the several suggested alternatives if service cannot be made as specified in Rule 7. Publication is not a particularly desirable alternative method of service under the reasonable notice standard of ORCP 7. Publication by itself is not generally considered an adequate method of providing notice.") We express no opinion on this issue. Whether publication is presumptively adequate service under ORCP 7 is not an issue in this case.

[10] Subparagraphs D(3)(a)(ii) and (iii) of ORCP 7 set forth additional requirements when an individual defendant is a minor under the age of 14 years or an incapacitated person. These provisions do not apply to the 17-year-old defendant in the instant case.

ORCP 7 G provides direction to a court in the event there is a failure to comply with certain provisions of ORCP 7.

This court examined ORCP 7 in *Lake Oswego Review v. Steinkamp, supra.* In that case, the plaintiff mailed the summons and complaint to an individual defendant at a particular address, certified, return receipt requested (restricted delivery). The letter carrier knew the defendant and delivered the summons and complaint to defendant at a different address and had him sign for it. This court held that service was valid under ORCP 7. The court found that, even though the service upon the defendant was different than the "service by mail" illustrated by ORCP 7 D(2)(d), it was reasonably calculated to give notice to the defendant and therefore adequate. *Id.* at 614.

The next case to involve the interpretation and application of ORCP 7 by this court was *Jordan v. Wiser, supra.* In *Jordan,* a process server attempted to make substituted service upon the defendant by leaving certified copies of the summons and complaint with the defendant's mother at her residence in Oregon. At that time, the defendant resided in the State of Washington. A week or two later, the defendant's mother called the defendant and told him that she had been served with summons. On her own initiative, she then drove to Washington and attempted to hand the summons and complaint to the defendant, who refused to accept them.

The *Jordan* court first determined that at the time the defendant's mother had attempted to give the defendant the summons and complaint, she had not been authorized by the plaintiff or the plaintiff's attorney to serve the summons. The court concluded that, because the attempted service of summons was by a person who was unauthorized to make service, no service had been accomplished. 302 Or at 58 ("[t]he attempted service of summons by an unauthorized person is not a mere defect in service, it is no service").

The *Jordan* opinion nonetheless then addressed the effect of the defendant's receipt of actual notice of the action on whether there had been adequate service under the "reasonable notice" standard of ORCP 7 D(1). The court noted that actual notice by itself does not necessarily constitute adequate notice and adequate notice does not require actual notice. The court then concluded that the voluntary

delivery of the summons to the defendant by his mother was not service in "a manner reasonably calculated to apprise the defendant of the existence and pendency of the action." *Id.* at 60.

■ As we implied in *Jordan*, service of summons by a person authorized by plaintiff or plaintiff's attorney is contemplated, although not expressly, by ORCP 7. 302 Or at 56-58. But our conclusion in *Jordan* that service of summons by an unauthorized person is "no service" and inadequate as a matter of law is overstated. Such a conclusion does not sufficiently take into account the "reasonable notice" standard expressly set forth in ORCP 7 D(1), which we recognized and applied in *Lake Oswego Review,* and which requires a court to examine *"all the circumstances"* in a given case in deciding whether service is or is not adequate. Service of summons by an unauthorized person is an important factor to be considered along with all the other circumstances in a given case in a court's determination of whether the "reasonable notice" standard of adequate service set forth in ORCP 7 D(1) has been met. That portion of *Jordan* which can be read as holding that service by an unauthorized person is *per se* inadequate service is disapproved.[11]

■ In light of our discussion concerning ORCP 7 and the holdings in *Lake Oswego Review* and *Jordan,* this court will set forth an approach for determining the adequacy of service of summons under ORCP 7. We then will apply that approach in the context of the facts of this case. The approach involves two questions.

*Question 1.* Was the method in which service of summons was made one of those methods described in ORCP 7 D(2), specifically permitted for use upon the particular defendant by ORCP 7 D(3), and accomplished in accordance with ORCP 7 D(2)?

---

[11] In *Jordan v. Wiser,* 302 Or 50, 726 P2d 365 (1986), the process server who delivered the summons and complaint to the defendant's mother for the defendant to appear and defend was authorized by the plaintiff or the plaintiff's attorney to do so. The defendant's mother, on her own initiative, however, drove 200 miles to the defendant's residence in the State of Washington and tried to give the defendant those documents. She was not authorized to do so. In *Lake Oswego v. Steinkamp, supra,* the letter carrier who delivered the letter to the defendant at an address different than that to which the summons and complaint were directed was, by virtue of the plaintiff's attempted service by mail as described in ORCP 7 D(2)(d), authorized to deliver the summons and complaint to the defendant in that case.

If the answer to *Question 1* is "yes," then the service is presumed to be service reasonably calculated, under all the circumstances, to apprise the defendant of the pendency of the action and to afford the defendant a reasonable opportunity to appear and defend. If there is nothing in the record that overcomes the presumption, this is the end of the inquiry. There is adequate service of summons. The "reasonable notice" standard for adequate service of summons is satisfied.

If the answer to *Question 1* is "no," or there is something in the record that overcomes the presumption of validity of service of summons, proceed to *Question 2*.[12]

*Question 2.* Does the manner of service employed by plaintiff satisfy the "reasonable notice" standard of adequate service set forth in ORCP 7 D(1)?

If the answer to *Question 2* is "yes," service of summons is adequate.

If the answer to *Question 2* is "no," service of summons is invalid. We will now apply this approach to the facts of this case.

■ The answer to *Question 1* is "no." Under ORCP 7 D(3)(a)(i), personal service, *see* ORCP 7 D(2)(a), substituted service, *see* ORCP 7 D(2)(b), and office service, *see* ORCP 7 D(2)(c), are the three specifically authorized methods of service upon an individual defendant of the age and capacity of the defendant in this case. Plaintiff, in the present case, does not, nor legitimately can he, contend that there was either personal service or office service of summons on defendant. Substituted service was not made in accordance with ORCP 7

---

[12] Any errors in "the form of summons, issuance of summons, and the person who may serve the summons," which are not ignored by the court because defendant did not have actual notice, *see* ORCP 7 G (first sentence) and *Jordan v. Wiser, supra,* 302 Or at 59, quoting with approval Council on Court Procedures, Staff Comment to Rule 7, Merrill's Oregon Rules of Civil Procedure: 1986 Handbook 6, and any error in "the content of or service of summons" which has not been corrected by amendment as permitted by ORCP 7 G (second sentence), or that materially prejudices the substantive rights of the defendant, *see* ORCP 7 G (second sentence), *Lake Oswego Review v. Steinkamp, supra,* 298 Or at 614-15 n 2, are to be considered by the court in its determination of whether (1) the presumption of validity, referred to in *Question 1,* has been overcome, or (2) the "reasonable notice" standard of adequate service of summons referred to in *Question 2, infra,* has been satisfied.

D(2)(b), because, as the trial court found, defendant's mother's residence was not defendant's "dwelling house or usual place of abode" on March 3, 1988, the date the process server left with defendant's mother a copy of the summons and complaint for defendant.[13] Defendant, as we previously observed in this opinion, had not lived at his mother's residence since August 1985.

Plaintiff's failure to make substituted service, as defined in ORCP 7 D(2)(b), is a defect in service of the type described in the second sentence of ORCP 7 G, *see Lake Oswego Review v. Steinkamp, supra,* 298 Or at 614-15 n 2. Because the answer to *Question 1* is "no," such error, for reasons previously indicated, *see supra* note 12, is to be considered in determining whether the "reasonable notice" standard of service is satisfied. We, therefore, proceed to *Question 2.*

The answer to *Question 2* is "no." It would be improper to disregard the defect in plaintiff's substituted service of summons, under all the circumstances of this case. As we held in *Jordan v. Wiser, supra,* 302 Or at 60, actual notice by the defendant of the action does not make service adequate under ORCP 7 if the summons is not served in a manner reasonably calculated to apprise the defendant of the existence and pendency of the action against him. In the instant case, defendant's mother was not authorized by defendant to receive the summons on his behalf. Defendant's happenstance reading of the complaint that had been left with his mother while he was making a fortuitous visit to her home is not service in "a manner reasonably calculated" by plaintiff or plaintiff's attorney to apprise defendant of the existence and pendency of the action against him. We find, therefore, that the method or manner of service employed in this case does

---

[13] The answer to *Question 1,* as applied to the facts in *Jordan v. Wiser, supra,* is "no," for these same reasons. Likewise, the answer to *Question 1,* as applied to the facts of *Lake Oswego Review v. Steinkamp, supra,* is "no," because the service by mail upon the defendant in that case was not service by mail as described in ORCP 7 D(2)(d). In *Steinkamp,* we stated that the type of service by mail *accomplished* on the individual defendant in that case — certified return receipt requested (restricted delivery) — "is more likely to result in adequate service than is 'service by mail' of ORCP 7D.(1)(d)." 298 Or at 614.

not satisfy the standard of adequate service set forth in ORCP 7 D(1).[14]

The decision of the Court of Appeals is reversed, and the judgment of the trial court is affirmed.

---

[14] What we said regarding the "reasonable notice" standard in *Jordan v. Wiser, supra,* 302 Or at 60, would yield a "no" answer to *Question 2* as applied to the facts of *Jordan.* The effect of our holding in *Lake Oswego Review v. Steinkamp, supra,* would result in a "yes" answer to *Question 2,* when applied to the facts of that case.

*APPENDIX*

The pertinent provisions of ORCP 7 relating to service of summons are as follows:

"B.  *Issuance.* Any time after the action is commenced, plaintiff or plaintiff's attorney may issue as many original summonses as either may elect and deliver such summonses to a person authorized to serve summons under section E. of this rule. A summons is issued when subscribed by plaintiff or a resident attorney of this state.

"C(1)  *Contents.* The summons shall contain:

"C(1)(a)  *Title.* The title of the cause, specifying the name of the court in which the complaint is filed and the names of the parties to the action.

"C(1)(b)  *Direction to Defendant.* A direction to the defendant requiring defendant to appear and defend within the time required by subsection (2) of this section and a notification to defendant that in case of failure to do so, the plaintiff will apply to the court for the relief demanded in the complaint.

"C(1)(c)  *Subscription; Post Office Address.* A subscription by the plaintiff or by a resident attorney of this state, with the addition of the post office address at which papers in the action may be served by mail.

"* * * * *

"D.  *Manner of Service.*

"D(1)  *Notice Required.* Summons shall be served, either within or without this state, in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend. Summons may be served in a manner specified in this rule or by any other rule or statute on the defendant or upon an agent authorized by appointment or law to accept service of summons for the defendant. Service may be made, subject to the restrictions and requirements of this rule, by the following methods: personal service of summons upon defendant or an agent of defendant authorized to receive process; substituted service by leaving a copy of summons and complaint at a person's dwelling house or usual place of abode; office service by leaving with a person who is apparently in charge of an office; service by mail; or, service by publication.

"D(2)  *Service Methods.*

"D(2)(a)  *Personal Service.* Personal service may be made by delivery of a true copy of the summons and a true copy of the complaint to the person to be served.

"D(2)(b)  *Substituted Service.* Substituted service may be made by delivering a true copy of the summons and complaint at the dwelling house or usual place of abode of the person to be served, to any person over 14 years of age residing in the dwelling house or usual place of abode of the person to be served. Where substituted service is used, the plaintiff, as soon as reasonably possible, shall cause to be mailed a true copy of the summons and complaint to the defendant at defendant's dwelling house or usual place of abode, together with a statement of the date, time, and place at which substituted service was made. For the purpose of computing any period of time prescribed or allowed by these rules, substituted service shall be complete upon such mailing.

"D(2)(c)  *Office Service.* If the person to be served maintains an office for the conduct of business, office service may be made by leaving a true copy of the summons and complaint at such office during normal working hours with the person who is apparently in charge. Where office service is used, the plaintiff, as soon as reasonably possible, shall cause to be mailed a true copy of the summons and complaint to the defendant at the defendant's dwelling house or usual place of abode or defendant's place of business or such other place under the circumstances that is most reasonably calculated to apprise the defendant of the existence and pendency of the action, together with a statement of the date, time, and place at which office service was made. For the purpose of computing any period of time prescribed or allowed by these rules, office service shall be complete upon such mailing.

"D(2)(d)  *Service by Mail.* Service by mail, when required or allowed by this rule, shall be made by mailing a true copy of the summons and a true copy of the complaint to the defendant by certified or registered mail, return receipt requested. For the purpose of computing any period of time prescribed or allowed by these rules, service by mail shall be complete three days after such mailing if the address to which it was mailed is within this state and seven days after mailing if the address to which it is mailed is outside this state.

"D(3)  *Particular Defendants.* Service may be made upon specified defendants as follows:

"D(3)(a)  *Individuals.*

"D(3)(a)(i)  *Generally.* Upon an individual defendant, by

personal service upon such defendant or an agent authorized by appointment or law to receive service of summons or, if defendant personally cannot be found at defendant's dwelling house or usual place of abode, then by substituted service or by office service upon such defendant or an agent authorized by appointment or law to receive service of summons.

"* * * * *

"D(6)    *Court Order for Service; Service by Publication.*

"D(6)(a)    *Court Order for Service by Other Method.* On motion upon a showing by affidavit that service cannot be made by any method otherwise specified in these rules or other rule or statute, the court, at its discretion, may order service by any method or combination of methods which under the circumstances is most reasonably calculated to apprise the defendant of the existence and pendency of the action, including but not limited to: publication of summons; mailing without publication to a specified post office address of defendant, return receipt requested, deliver to addressee only; or posting at specified locations. If service is ordered by any manner other than publication, the court may order a time for response.

"* * * * *

"E.    *By Whom Served; Compensation.* A summons may be served by any competent person 18 years of age or older who is a resident of the state where service is made or of this state and is not a party to the action * * *.

"* * * * *

"F(4)    *Failure to Make Proof; Validity of Service.* If summons has been properly served, failure to make or file a proper proof of service shall not affect the validity of the service.

"G.    *Disregard of Error; Actual Notice.* Failure to comply with provisions of this rule relating to the form of summons, issuance of summons, and the person who may serve summons shall not affect the validity of service of summons or the existence of jurisdiction over the person, if the court determines that the defendant received actual notice of the substance and pendency of the action. The court may allow amendment to a summons, or affidavit or certificate of service of summons, and shall disregard any error in the content of or service of summons that does not materially prejudice the substantive rights of the party against whom summons was issued."