Argued and submitted July 20, 1992, reversed and remanded March 17,
reconsideration denied April 28, petition for review denied May 25, 1993
(316 Or 527)

# Marion DUBER,
*Appellant,*

*v.*

# David ZEITLER,
*Respondent.*

(90CV3679; CA A71816)

848 P2d 642

Brent Wells, Eugene, argued the cause for appellant. With him on the briefs was Malagon, Moore, Johnson & Jensen, Eugene.

John Kilcullen, Eugene, argued the cause for respondent. With him on the brief were Michael H. Long and Brown, Roseta, Long & McConville Eugene.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

ROSSMAN, P. J.

---

* Leeson, J., *vice* Buttler, J., retired.

**ROSSMAN, P. J.**

This is a personal injury action arising out of a motor vehicle accident. Plaintiff seeks to recover damages that she alleges she sustained as a result of defendant's negligence. The trial court granted summary judgment to defendant on the ground that he had not been adequately served. Plaintiff appeals. Because we conclude that service was reasonably calculated to give notice to defendant, ORCP 7D(1), we reverse and remand.

The record on summary judgment shows that defendant and plaintiff were involved in an automobile accident on December 6, 1988. On December 6, 1990, within the time permitted by ORS 12.110(1), plaintiff filed the complaint in this action. She was required to serve defendant within 60 days after the date the complaint had been filed in order for the action to be deemed commenced on December 6, 1990. ORS 12.020(2).

Before attempting service, plaintiff's investigator first checked the address listed for plaintiff on the police accident report and discovered that defendant did not live there. He then contacted the Division of Motor Vehicles and obtained its most recent address for defendant. He learned that defendant did not live at that address either. On January 31, 1991, plaintiff's investigator hand delivered a summons and complaint to defendant's wife at 2071 N.E. Stephens, Roseburg. At the time of delivery, defendant's wife told the investigator that she and defendant had separated a month before and that defendant was living in Medford. She said that she did not know his address. She gave him defendant's home telephone number in Medford, and his employer's name, street and telephone number. She told him that defendant returned to Roseburg once a week to visit his children and pick up his mail and that she expected to see him in the very near future. Defendant's wife spoke to defendant that day and told him that she had received the summons and complaint. She gave it to him three to five days later when he came to visit the children.

ORCP 7D(1) provides:

"*Summons shall be served, either within or without the state, in any manner reasonably calculated, under all the*

*circumstances, to apprise the defendant of the existence and pendency of the action* and to afford a reasonable opportunity to appear and defend. Summons may be served in a manner specified in this rule or by any other rule or statute on the defendant or upon an agent authorized by appointment or law to accept service of summons for the defendant. Service may be made, subject to the restrictions and requirements of this rule, by the following methods: personal service of summons upon defendant or an agent of defendant authorized to receive process; substituted service by leaving a copy of summons and complaint at a person's dwelling house or usual place of abode; office service by leaving with a person who is apparently in charge of an office; service by mail; or, service by publication." (Emphasis supplied.)

In *Baker v. Foy*, 310 Or 221, 228, 797 P2d 349 (1990), the court set out the approach to be used by the court to determine whether service is adequate under ORCP 7:

1. Was the method in which service of summons was made one of the methods described in ORCP 7D(2), specifically permitted for use upon the particular defendant by ORCP 7D(3), and accomplished in accordance with ORCP 7D(2)?[1]

2. Does the manner of service employed by the plaintiff satisfy the "reasonable notice" standard of adequate service set forth in ORCP 7D(1)?

The court said:

"If the answer to *Question 1* is 'yes,' then the service is presumed to be service reasonably calculated, under all the circumstances, to apprise the defendant of the pendency of the action and to afford the defendant a reasonable opportunity to appear and defend. If there is nothing in the record that overcomes the presumption, this is the end of the inquiry. There is adequate service of summons. The 'reasonable notice' standard for adequate service of summons is satisfied.

"If the answer to *Question 1* is 'no,' or there is something in the record that overcomes the presumption of validity of service of summons, proceed to *Question 2*.

"* * * * *

---

[1] ORCP 7D(2) describes how each of the specified methods of service listed in ORCP 7D(1) may be made, and ORCP 7D(3) prescribes when the particular methods of service may be used for particular defendants. *Baker v. Foy, supra*, 310 Or at 226.

"If the answer to *Question 2* is 'yes,' service of summons is adequate." 310 Or at 229. (Emphasis in original.)

Plaintiff contends that she made substituted service on defendant, pursuant to ORCP 7D(2)(b), which provides, in part:

"Substituted service may be made by delivering a true copy of the summons and complaint at the dwelling or house or usual place of abode of the person to be served, to any person over 14 years of age residing in the dwelling house or usual place of abode of the person to be served."

The undisputed evidence is that defendant did not reside at his wife's residence in Roseburg. The trial court held that plaintiff had not made substituted service and that service was not reasonably calculated to give defendant notice.

We agree with the trial court that defendant was not served by one of the methods described in ORCP 7D(2). We conclude, however, that service was adequate under ORCP 7D(1), because it was reasonably calculated to give defendant notice of the lawsuit. The undisputed evidence is that defendant maintained regular, frequent and *predictable* contacts with his wife's residence for the purpose of picking up his mail and visiting his children, *compare Baker v. Foy, supra* (defendant's visit to his mother's home merely "fortuitous"), that the process server knew at the time of service that defendant would be visiting his wife's home in the very near future, and that, at the time of service, defendant had not yet established a permanent address. Those circumstances lead us to conclude that it was reasonable for the process server to serve defendant at his wife's address.[2]

Reversed and remanded.

---

[2] Although plaintiff does not refer to it, ORCP 12B provides that we are to disregard "any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party." Given that defendant received actual notice of the action within the appropriate time period, any error in serving him was not prejudicial and did not affect his substantial rights.