Argued and submitted March 3, reversed and remanded April 21, reconsideration denied August 18, petition for review denied September 21, 1993 (317 Or 583)

Gerald N. BECKETT,
*Appellant,*

*v.*

Monica M. MARTINEZ,
*Respondent.*

(C91-0954; CA A76550)

850 P2d 1148

Jeffrey C. Jacobs, Portland, argued the cause and filed the briefs for appellant.

Christopher B. Marks, Portland, argued the cause for respondent. With him on the brief was MacMillan & Scholz, P.C., Portland.

Before Deits, Presiding Judge, and Rossman and Riggs, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiff appeals from the trial court's dismissal of his negligence action, contending that the court erred in granting summary judgment for defendant on the ground that she had not been adequately served with summons and complaint. We reverse the trial court, because we conclude that there are unresolved factual disputes that are material to the issue of the adequacy of service.

The action arises out of a motor vehicle accident that occurred on September 13, 1989. Plaintiff filed his complaint on September 12, 1991. On October 12, 1991, plaintiff attempted to serve defendant by substituted service on Barbara Baker, defendant's grandmother (Baker), at Baker's residence. The undisputed evidence shows that defendant lists Baker's address as defendant's own for purposes of her automobile registration, her Oregon driver's license, and her tax, college and employment records.

There are factual disputes concerning the circumstances of delivery of the summons and complaint and what the process server knew at the time of delivery. The process server said in an affidavit that, when she attempted service, she asked Baker whether defendant was home, and Baker replied that she was not. She inquired when defendant would be home, and Baker replied that she did not know. She then asked Baker if defendant lived with her, and Baker told her that defendant did live with her, and that she, Baker, was defendant's grandmother. Baker said in an affidavit that she was not asked by the process server whether defendant resided with her. She said that she told the process server that defendant had lived with her temporarily in the spring and summer of 1991, but that she had not lived with Baker since September, 1991, when she left to be a student at Oregon State University. Defendant said in an affidavit that Baker's home is not her dwelling or usual place of abode, and that, since September, 1991, she has lived at Weatherford Hall at Oregon State University. It is undisputed that defendant received actual notice of the summons and complaint when she visited Baker in late October or early November, 1991.

ORCP 7D(1) provides:

"Summons shall be served, either within or without the state, *in any manner reasonably calculated, under all the*

*circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend.* Summons may be served in a manner specified in this rule or by any other rule or statute on the defendant or upon an agent authorized by appointment or law to accept service of summons for the defendant. Service may be made, subject to the restrictions and requirements of this rule, by the following methods: personal service of summons upon defendant or an agent of defendant authorized to receive process; *substituted service by leaving a copy of summons and complaint at a person's dwelling house or usual place of abode*; office service by leaving with a person who is apparently in charge of an office; service by mail; or, service by publication.

"D(2)   Service methods.

"* * * * *

"D(2)(b)   Substituted service. Substituted service may be made by delivering a true copy of the summons and complaint at the dwelling house or usual place of abode of the person to be served, to any person over 14 years of age residing in the dwelling house or usual place of abode of the person to be served." (Emphasis supplied.)

In our recent decision in *Duber v. Zeitler,* 118 Or App 597, 848 P2d 642 (1993), we set out the test established by the Supreme Court in *Baker v. Foy,* 310 Or 221, 228, 797 P2d 349 (1990), for determining whether service is adequate under ORCP 7D. In *Baker,* the court explained the relationship between the suggested methods of service listed in ORCP 7D(2) and the requirement in ORCP 7D(1) that the manner of service be reasonably calculated to apprise the defendant of the existence and pendency of the action. The first question to be addressed is whether service was made by one of the methods listed in ORCP 7D(2), *i.e.,* personal service, substituted service, office service or service by mail. If the answer to that question is "yes," then service is presumed to be reasonably calculated to apprise the defendant of the pendency of the action and to afford the defendant a reasonable opportunity to appear and defend. If there is no evidence to overcome that presumption, then service is adequate and that is the end of the inquiry.

If the answer to the first question is "no," or if there is evidence that overcomes the presumption of the validity of

service, then it must be asked whether, despite the failure of the method of service, the manner of service nonetheless satisfies the "reasonable notice" standard set forth in ORCP 7D(1). It is possible to answer that second question in the affirmative, even if service was not made in a manner described in ORCP 7D(2).

Here, the assignment of error encompasses both questions posed by ORCP 7D, whether plaintiff accomplished substituted service under ORCP 7D(2)(b), *i.e.*, whether he delivered "a true copy of the summons and complaint at [defendant's] dwelling house or usual place of abode," and, if not, whether service was nonetheless adequate, because the chosen method was reasonably calculated to give defendant notice of the action.

■■ In order to accomplish substituted service, a copy of the summons and complaint must be left at the person's "dwelling house or abode." ORCP 7D(2)(b). The place of service must be the person's *actual* dwelling house or abode. *See Baker v. Foy, supra*, 310 Or at 230; *see also Jordan v. Wiser*, 302 Or 50, 54, 726 P2d 365 (1986). The trial court found that Baker's house was not defendant's dwelling house or usual place of abode, and the evidence supports that finding. We conclude that plaintiff did not accomplish substituted service under ORCP 7D(2)(b). The answer to the first question posed by the rule, as articulated in *Baker v. Foy, supra*, is "no."[1]

---

[1] Plaintiff cites *Thoenes v. Tatro*, 270 Or 775, 529 P2d 912 (1975), in support of his proposition that substituted service can be accomplished if the process server has a reasonable belief that the place was the defendant's dwelling place or abode, even if it is not actually the defendant's home. We do not agree that the case stands for that proposition. In *Thoenes*, the defendant, whose parents lived in Oregon, was attending college in Colorado at the time the process server delivered a copy of summons and complaint to the defendant's mother. He spent portions of extended school vacations visiting his parents at their home. The undisputed evidence showed that the defendant continued to use his parents' address for his Oregon driver's license and automobile registration. The process server had been told at the time he delivered the complaint to the defendant's mother that the defendant was in school in Colorado. *Former* ORS 15.080(7) provided:

"If the defendant cannot be found personally at his usual place of abode, then service may be made to a member of his family over 14 years of age who is at the abode."

The court rejected the notion that a mere formal delivery of notice to a defendant's legal domicile or residence is sufficient to meet the requirements of the statute:

"We believe that it is essential to construe our statute as requiring more than a formalistic delivery of the summons and complaint to defendant's

■        In determining the adequacy of service on a defendant, it is the trial court's responsibility to resolve any factual dispute as to the circumstances of service. *See Baker v. Foy, supra*, 310 Or at 224.[2] There remains an unresolved dispute concerning what the process server knew of defendant's whereabouts at the time of service. That fact is material to the second question posed by the statute, as articulated by the Supreme Court in *Baker*, whether the manner of service was reasonably calculated to give defendant notice of the action. *See Duber v. Zeitler, supra*, 118 Or App at 601.[3] It is the trial court's responsibility to resolve that dispute and to consider, in the first instance, whether, in the light of what the process server knew at the time of service, the manner of service was reasonably calculated to give defendant notice of the action.

Reversed and remanded.

---

domicile or residence *where the process server is aware that defendant does not actually reside there* and where personal service or service by registered or certified mail with return receipt requested can, without any difficulty, be effected. The sufficiency of service by simply leaving the papers at the defendant's technically defined place of abode must be tested by comparing the probability that defendant will receive actual notice by such service with the probability of his receiving actual notice through other available methods of service which could be employed. It may be that in many, perhaps most, cases a summons and complaint delivered to the domicile of the defendant will find its way to him for a variety of reasons, it is possible that notice may not reach the defendant when papers are so delivered. *When, as here, this risk can be obviated by service directly upon the defendant at the place where he is known to live and by which he will thus receive actual notice this further step must be taken.*" 270 Or at 775. (Emphasis supplied.)

The court interpreted the statute to require consideration of what the plaintiff's process server knew about the defendant's whereabouts at the time of service in the determination of whether service was adequate under the statute. It held that service by substituted service is not sufficient if, despite legal indicia of residence, the process server is aware that the place is not the defendant's abode. That holding, although predating ORCP 7D and not standing for the rule for which plaintiff cites it, is completely consistent with the requirement of ORCP 7D(1) that the manner of service be reasonably calculated to give the defendant notice of the action.

[2] Although this matter was decided on summary judgment, factual disputes related to service of summons and complaint are resolved by the trial court as trier of fact. *See Baker v. Foy, supra*, 310 Or at 224.

[3] In *Baker v. Foy, supra*, 310 Or at 225 n 6, the court said that, in determining whether notice is adequate under ORCP 7D(1), the reasonableness of the chosen method of service must be examined prospectively, based on what was known by the plaintiff at the time of service.