Argued and submitted November 19, 1993, affirmed February 16, 1994

Donald P. GALLOGLY,
*Respondent,*

*v.*

Ernest Rey CALHOON,
*Appellant.*

(91-03-01847; CA A77455)

869 P2d 346

David C. Force argued the cause and filed the briefs for appellant.

Kathryn H. Clarke argued the cause for respondent. With her on the brief was Maureen Leonard.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

**EDMONDS, J.**

Defendant appeals the order denying his motion to set aside a default judgment. He argues that the judgment was void for lack of personal jurisdiction, because he was never properly served. ORCP 71B(1)(d). We affirm.

Plaintiff filed a complaint in March, 1991, alleging that defendant assaulted him in July, 1990. According to the record, both parties were Oregon residents at the time of the incident, and defendant was a member of the Oregon State Bar (OSB) and a member of the Oregon legislature. Before filing the complaint, plaintiff hired private investigators to find defendant and sent letters to him at a Eugene address that he had listed in the 1991 OSB Membership Directory and to a Medford post office box specified in OSB's records. The investigators were not able to locate defendant, and the letters were returned and stamped, "no longer at this address."

In March, 1991, plaintiff attempted to serve defendant at an address that defendant had listed with the Motor Vehicles Division. The process server was told by neighbors that defendant had moved. In June, 1991, OSB advised plaintiff that defendant had updated his address to 2677 Beall Lane, Central Point, Oregon.[1] The next day, plaintiff served a copy of the summons and complaint on defendant's grandmother, who resided at that address. Copies were also sent by regular mail to that address. When defendant did not respond, a default judgment was entered against him in August, 1991. In August, 1992, defendant filed a motion to set aside the judgment on the grounds that it was void because he had not been lawfully served with process and that his failure to appear was a result of excusable neglect. *See* ORCP 71B(1)(a). The trial court denied defendant's motion, finding that service was proper and that defendant had offered no

---

[1] In January, 1991, defendant called OSB to inquire about CLE requirements. During the conversation, defendant gave OSB a post office box address as an updated address. The OSB representative told him that he needed to provide a street address pursuant to Rule 1.11, which says that "[a] post office address designation must be accompanied by a street address." In response, defendant gave them his grandmother's address. In February, 1991, defendant wrote to OSB to request that it not divulge his address in response to "all requests, written or oral" except "when you are *absolutely* required to under the public records law." (Emphasis in original.) After reviewing the public record laws, OSB released the address to plaintiff.

valid excuse for his failure to respond to the summons. The court said:

"By serving Defendant at the address he had designated to the State agency charged with responsibility for licensing Defendant to practice his profession, Plaintiff had every reason to believe that Defendant had notice of this lawsuit."

Defendant's only argument on appeal is that the default judgment is void for lack of personal jurisdiction, because he was never served in accordance with ORCP 7. In *Baker v. Foy*, 310 Or 221, 797 P2d 349 (1990), the Supreme Court created a two step approach for determining the adequacy of service under ORCP 7. First, if the plaintiff uses one of the methods specified in ORCP 7D(2), *i.e.* personal service, substituted service, office service, or service by mail, then service is presumed to have been adequate. Second, if the defendant rebuts that presumption, or if the plaintiff did not use one of the described methods, then the court must determine whether the manner of service was reasonably calculated to apprise the defendant of the action and to afford him a reasonable opportunity to appear and defend. 310 Or at 228-29.

■ The only specified method of service that could exist in this case is substituted service. In order to accomplish such service, a copy of the summons and complaint must be left at the defendant's "dwelling house or usual place of abode." ORCP 7D(2)(b). The place of service must be defendant's "*actual* dwelling house or abode" at the time of service. *Beckett v. Martinez*, 119 Or App 338, 342, 850 P2d 1148, *rev den* 317 Or 583 (1993). (Emphasis in original.) The trial court found:

"The record portrays an individual who had no permanent address for almost a year, if not longer, who lived out of his car with friends in Oregon, California and Canada * * * [and that] Plaintiff had no knowledge that [defendant's grandmother's] address was not Defendant's place of abode or office."

Those findings are supported by the evidence, and we conclude that plaintiff did not accomplish substituted service.

■ We turn to the second step of the analysis. To determine whether plaintiff's manner of service was nonetheless

reasonably calculated to notify defendant of the action, we look at what plaintiff knew about defendant's whereabouts at the time of service. *Baker v. Foy, supra*, 310 Or at 225 n 6; *Beckett v. Martinez, supra*, 119 Or App at 343. Based on prior attempts to locate defendant, plaintiff knew that he could not be found at either the address listed with the Motor Vehicles Division or the address he had listed in the OSB directory. The post office box was no longer valid either. The only address that could be linked to defendant was his grandmother's address, which he voluntarily gave to OSB just a few months before the date of service.

The issue is whether that address is a place at which service could be made that would comply with the requirements of ORCP 7. When a lawyer gives an address to OSB, at which communications about his or her profession can be delivered, that is a significant representation that that address is a place at which the lawyer intends to receive notice of important information. For a lawyer who has no usual place of abode or of business, we can conceive of no other place at which notice could be better afforded. Presumably, defendant, a lawyer, would not have given his grandmother's address unless he believed that it was probable that he would receive the correspondence sent to that address. *See Duber v. Zeitler*, 118 Or App 597, 848 P2d 642, *rev den* 316 Or 527 (1993).

*Levens v. Koser*, 126 Or App 399, 869 P2d 344 (1994), is inapposite. In this case and in *Levens*, the defendants were served at a place that was not their actual dwelling house or abode at the time of service. However, in *Levens*, the process server knew that the defendant was not at that address, and he delegated the service of the summons and complaint to the defendant's mother who said she would take the papers to defendant. Here, in contrast, the process server served an individual at the address designated by defendant as a place to receive professional correspondence, and there is no evidence that the individual served made a representation that she would undertake the responsibility of serving defendant. Based on what the process server knew at that time, he could reasonably believe that service at the address given by defendant to the OSB was tantamount to service at the place where defendant practiced his profession. We conclude that under

these circumstances, the service on defendant at that address and the follow-up service by regular mail sent to that address met the requirements of the rule that service occur in a manner reasonably calculated to apprise him of the filing of the complaint and the necessity of appearing and defending against it. The trial court did not err.

Affirmed.