Argued and submitted June 8, 1993, affirmed February 16, 1994

George A. LEVENS, Jr.,
and Alan W. Luher,
*Appellants,*

*v.*

Kurt Allen KOSER,
*Respondent.*

(9202-00781; CA A76067)

869 P2d 344

Victor Calzaretta argued the cause and filed the briefs for appellants.

Jana Toran argued the cause for respondent. With her on the brief was Hoffman & Matasar.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

## LANDAU, J.

Plaintiffs appeal a summary judgment granted in favor of defendant. We affirm.

On February 27, 1990, plaintiffs, two police officers, suffered injuries while arresting defendant. Nearly two years later, on February 5, 1992, they filed a complaint against defendant for battery. Before attempting service, plaintiffs' process server, Brose, contacted the Motor Vehicles Division (MVD) and learned that defendant had listed as his address a residence on South Heather Glen Drive, in Oregon City. On February 28, 1992, Brose attempted to serve defendant at the Heather Glen address. The residence, however, was where defendant's parents lived; defendant had not lived there since July 1, 1991. Defendant's mother told Brose that, because she expected to see defendant two days later, she would take the legal papers to him. Brose then handed her the summons and complaint.

On March 2, 1992, plaintiffs sent to defendant at the Heather Glen address, by certified mail, return receipt requested, a true copy of the summons and complaint. Because defendant no longer lived there, the mail was forwarded to him at an East Burnside address in Portland. The post office attempted twice to deliver it at that address, but to no avail. On March 13, defendant's wife picked up the mail at the post office and gave it to defendant. He then contacted two attorneys and called plaintiffs' counsel for an extension of time to respond.

Defendant moved for summary judgment on the ground that he was not adequately served. Finding that defendant was not served at his "place of abode," ORCP 7D(2)(b), the trial court granted the motion and dismissed this action. This appeal followed.

Plaintiffs argue that the trial court erred in ruling that defendant was not adequately served. In *Mitchell v. Harris*, 123 Or App 424, 859 P2d 1196 (1993), we summarized the two-step test set forth in *Baker v. Foy*, 310 Or 221, 797 P2d 349 (1990), for determining the adequacy of service of process under ORCP 7D:

"First, if the plaintiff used one of the methods described in ORCP 7, then service is presumed to have been reasonably

calculated to apprise the defendant of the action and to afford her a reasonable opportunity to appear and defend. Second, if the defendant rebuts that presumption, or if the plaintiff did not use one of the methods described in the rule, then the court must determine whether service, nevertheless, was adequate, because it satisfied the 'reasonable notice' standard set forth in ORCP 7D(1)." 123 Or App at 427.

*See also Edwards v. Edwards*, 310 Or 672, 679, 801 P2d 782 (1990).

In this case, plaintiffs attempted to serve defendant by making a "substituted service" under ORCP 7D(2)(b), which provides, in part:

"Substituted service may be made by delivering a true copy of the summons and complaint at the dwelling house or usual place of abode of the person to be served, to any person over 14 years of age residing in the dwelling house or usual place of abode of the person to be served. Where substituted service is used, the plaintiff, as soon as reasonably possible, shall cause to be mailed a true copy of the summons and complaint to the defendant at defendant's dwelling house or usual place of abode, together with a statement of the date, time, and place at which substituted service was made."

The trial court concluded that plaintiffs' service was inadequate under ORCP 7D(2)(b), because it found that the summons and complaint were not delivered to defendant's usual place of abode. Plaintiffs do not challenge that finding.

Plaintiffs argue that the method of service, nonetheless, was adequate under ORCP 7D(1), because it was reasonably calculated to give defendant notice of the lawsuit. Defendant argues that it was not adequate, citing *Baker v. Foy, supra*. We agree with defendant. In *Baker*, the plaintiff served a copy of summons and complaint at the residence of the defendant's mother, followed by a copy of the summons and complaint sent by certified mail, return receipt requested. The defendant had previously lived at his mother's address and, at the time of service, continued to receive mail there. He told the investigating officers at the accident scene that he lived at his mother's residence. The MVD record also showed that he had listed his mother's address as his. The defendant learned of the plaintiff's lawsuit when reading the complaint that was left with his mother. The Supreme Court

held that the method of service employed did not satisfy the standard of adequate service set forth in ORCP 7D(1):

> "[D]efendant's mother was not authorized by defendant to receive summons on his behalf. Defendant's happenstance reading of the complaint that had been left with his mother while he was making a fortuitous visit to her home is not service in 'a manner reasonably calculated' by plaintiff or plaintiff's attorney to apprise defendant of the existence and pendency of the action against him." 310 Or at 230.

The facts in this case are similar to those in *Baker*. Plaintiffs attempted to serve defendant at his mother's home, which was not defendant's residence at the time. Defendant's mother was not authorized to receive summons on his behalf. Although defendant's mother expressed her intention to deliver the documents to defendant two days later, plaintiffs' process server knew little, and did not inquire further, about her contact with defendant. *See Atterbury v. Wells*, 125 Or App 591, 866 P2d 484 (1994). Neither did plaintiffs know, when they sent defendant the follow-up mail to his mother's address, that the mail would be forwarded or delivered to defendant. Defendant's eventual actual notice of plaintiffs' lawsuit was no less fortuitous than that in *Baker*.

Plaintiffs ignore *Baker* entirely and rely instead on *Duber v. Zeitler*, 118 Or App 597, 848 P2d 642, *rev den* 316 Or 527 (1993), and *Lake Oswego Review v. Steinkamp*, 298 Or 607, 695 P2d 565 (1985). Neither case lends support to their arguments.

In *Duber v. Zeitler, supra*, the plaintiff's investigator served the residence of the defendant's wife, from whom he had recently separated. The defendant's wife reported that, although her husband no longer lived at her address, he maintained "regular, frequent and *predictable*" contacts with her at that address to see his children and pick up his mail. 118 Or App at 601. (Emphasis in original.) There is no such evidence in this case of "regular, frequent and predictable" contact at the residence of defendant's mother, only that she expected to see him soon.

In *Lake Oswego Review v. Steinkamp, supra*, the plaintiff mailed the summons and complaint to the defendant at a particular address, with instructions for restricted delivery. The letter carrier, who knew the defendant, delivered the

mail to the defendant at a different address and had him sign for it. The Supreme Court held that service in that case was adequate, because "restricted delivery mail addressed to an individual defendant is more likely to result in adequate notice than is the 'service by mail' of ORCP 7D(2)(d)." 298 Or at 614. In this case, plaintiffs did not mail the summons and complaint by a restricted delivery. Moreover, unlike the defendant in *Steinkamp*, defendant was not personally hand-delivered the summons and complaint; nor did he sign the returned receipt. Service in this case cannot be equated to that in *Steinkamp*.

■    Plaintiffs also argue that, under ORCP 7G,[1] defendant should not be heard to complain that he was not adequately served because he received actual notice of plaintiffs' action. We disagree. In *Jordon v. Wiser*, 302 Or 50, 58, 726 P2d 365 (1986), the Supreme Court made clear that "actual notice is not enough to trigger the application of ORCP 7G." *See also Campos v. Chisholm*, 110 Or App 158, 161, 821 P2d 1121 (1991).

Because defendant was not adequately served, the trial court did not err in dismissing plaintiffs' action.

Affirmed.

---

[1] ORCP 7G provides:

"Failure to comply with provisions of this rule relating to the form of summons, issuance of summons, and the person who may serve summons shall not affect the validity of service of summons or the existence of jurisdiction over the person, if the court determines that the defendant received actual notice of the substance and pendency of the action. The court may allow amendments to a summons, or affidavits or certificate of service of summons, and shall disregard any error in the content of or service of summons that does not materially prejudice the substantive rights of the party against whom summons was issued."