Argued and submitted April 13, affirmed December 14, 1994

Marla MURPHY,
*Appellant,*

*v.*

Steven Ray PRICE,
*Respondent.*

(9211-07951; CA A81633)

886 P2d 1047

Thomas A. Bittner argued the cause for appellant. With him on the briefs was Schulte, Anderson, DeFrancq, Downes & Carter, P.C.

William J. Martin argued the cause for respondent. With him on the brief was Cavanagh & Zipse.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

**LANDAU, J.**

Plaintiff appeals from a summary judgment granted in favor of defendant on the ground that plaintiff failed to adequately serve defendant with a summons and complaint. ORCP 7. We affirm.

The facts are undisputed. On December 8, 1990, defendant's car collided with a vehicle in which plaintiff was a passenger. Defendant exchanged information, including his mailing address, with the driver of the other vehicle. Defendant and his landlord share the same mailbox and have authorized each other to pick up the other's mail. Defendant did not tell plaintiff, however, about the shared mailbox and the understanding with his landlord.

On November 19, 1992, plaintiff filed this personal injury action. On that day, plaintiff mailed to the address given by defendant, a true copy of the summons and complaint by certified mail, return receipt requested, unrestricted delivery.[1] Before mailing the summons and complaint, plaintiff had confirmed defendant's current address with the Motor Vehicles Department (MVD).

On November 20, 1992, defendant's landlord signed the receipt for the summons and complaint and gave it to defendant the following day. Plaintiff never tried to serve defendant by personal service, substituted service or office service. On February 5, 1993, defendant filed his answer and affirmative defense, alleging improper service and the expiration of the statute of limitations. Both parties moved for summary judgment on the affirmative defense. The trial court denied plaintiff's motion, granted defendant's motion and entered judgment for defendant. Plaintiff appeals, assigning error to the trial court's order granting defendant's summary judgment motion and denying plaintiff's motion.

■   Summary judgment is appropriate when there is no issue of material fact and the moving party is entitled to judgment as a matter of law. *Gaston v. Parsons*, 318 Or 247, 251, 864 P2d 1319 (1994). Because there is no dispute as to any material fact, we determine the adequacy of service on defendant as a matter of law.

---

[1] "Restricted delivery" requires that a specified individual sign for the mail.

Plaintiff contends that service by mail in this case was reasonably calculated to apprise defendant of the pendency of the action and to afford defendant a reasonable opportunity to appear and defend. Plaintiff also argues that, because defendant received actual notice and was not prejudiced by the manner of service, the alleged error must be disregarded pursuant to ORCP 7G and ORCP 12B. Defendant asserts that service by mail, under the circumstances of this case, failed to provide adequate notice. We agree with defendant.

In *Baker v. Foy*, 310 Or 221, 228-29, 797 P2d 349 (1990), the Supreme Court articulated a two-part test for determining the adequacy of service under ORCP 7. First, we must decide whether the method by which service of summons was made was one of the methods described in ORCP 7D(2), was specifically permitted for use upon the particular defendant by ORCP 7D(3), and was accomplished in accordance with ORCP 7D(2). If those requirements are met, then service is presumed to be adequate. If the method of service does not meet those requirements, then we must determine whether service is otherwise adequate, because it meets the "reasonable notice" standard set forth in ORCP 7D(1). 310 Or at 228-29.

■■ Plaintiff concedes that service in this case does not meet the requirements of ORCP 7D(2) and (3). Accordingly, we must decide whether defendant received reasonable notice as required by ORCP 7D(1).

ORCP 7D(1) provides, in part:

"Summons shall be served * * * in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend."

Service by mail may, under appropriate circumstances, be reasonably calculated to apprise a defendant of the existence and pendency of an action. Plaintiff, however, has the burden of establishing the adequacy of service by mail; such service is not presumed to be adequate. *Edwards v. Edwards*, 310 Or 672, 678-79, 801 P2d 782 (1990). We determine whether the reasonable notice standard of ORCP 7D(1) is satisfied by examining the totality of the circumstances as they were

known to the plaintiff at the time of service. *Baker v. Foy, supra,* 310 at 225 n 6; *Beckett v. Martinez,* 119 Or App 338, 343 n 3, 850 P2d 1148, *rev den* 317 Or 583 (1993).

In this case, the only facts known to plaintiff were that defendant gave the eventual location of service as his address and that MVD confirmed that defendant listed that location as his address. Plaintiff did not know if other persons resided at that address. Likewise, plaintiff did not know that defendant's landlord was authorized to pick up mail for defendant. Plaintiff mailed the summons and complaint to defendant by certified mail, return receipt requested, but by *unrestricted delivery.* Accordingly, anyone at that address – a roommate, a neighbor, defendant's landlord – could have signed for the receipt of the summons and complaint, with no assurances that defendant would ever see the papers. In other words, plaintiff did not know who would actually receive the summons and complaint once they were delivered to the location that defendant listed as his address. Under the circumstances, the attempted service did not comport with the reasonable notice requirement of ORCP 7D(1).[2]

Citing *Lake Oswego Review v. Steinkamp,* 298 Or 607, 695 P2d 565 (1985), and *Luyet v. Ehrnfelt,* 118 Or App 635, 848 P2d 654 (1993), plaintiff insists that service under the circumstances of this case was nevertheless adequate. Neither case supports plaintiff's argument.

In *Lake Oswego Review v. Steinkamp, supra,* the plaintiff mailed the summons and complaint, using restricted delivery, to the defendant at a particular address. The letter carrier, who knew the defendant, delivered the mail to the defendant at a different address and had him sign for it. The Oregon Supreme Court held that service in that case was adequate, because the plaintiff had sent the summons and complaint by certified mail, return receipt requested, *restricted delivery.* The court drew a distinction between restricted and unrestricted delivery. In the case of unrestricted delivery, the court noted, the letter may be signed for by someone other than the addressee. Only where restricted

---

[2] We do not address whether there exist any circumstances under which unrestricted delivery could satisfy the reasonable notice requirement of ORCP 7D(1).

delivery is used, the court said, must the letter be signed for by the addressee. Therefore, the court concluded,

> "[u]nless the summons and complaint are returned by the post office as undeliverable, restricted delivery mail addressed to an individual defendant is more likely to result in adequate notice"

than is service by unrestricted delivery. 298 Or at 614. In this case, in contrast with *Lake Oswego Review v. Steinkamp, supra,* plaintiff did not use restricted delivery and, not surprisingly, it was signed for by someone other than defendant.

Plaintiff acknowledges that important distinction, but argues that it makes no difference in this case, because defendant had authorized his landlord to sign for his mail. Plaintiff, however, ignores the fact that, at the time of service, she did not know of that authorization. Because the adequacy of service is determined by examining the circumstances known to the plaintiff at the time of service, *Beckett v. Martinez, supra,* 119 Or App at 343 n 3, defendant's arrangement with his landlord is of no consequence in evaluating the adequacy of service.

*Luyet v. Ehrnfelt, supra,* is similarly unavailing. In that case, the plaintiff had attempted service under ORCP 7D(4)(a)(i), which, under limited circumstances, permits service by serving the Administrator of the Motor Vehicles Division, as the defendant's statutorily appointed agent for service, followed by mailing a copy of the summons and complaint to the defendant at his or her last known address. The defendant argued that, because the plaintiff had mailed the summons and complaint to him before serving the MVD Administrator, service was defective. We held that, even assuming the service did not technically comport with the requirements of ORCP 7D(4)(a)(i), it nevertheless was adequate under the reasonable notice requirements of ORCP 7D(1). 118 Or App at 639.

In this case, plaintiff did not serve the MVD Administrator. She simply mailed a copy of the summons and complaint to defendant. *Luyet v. Ehrnfelt, supra,* is inapposite.

Alternatively, plaintiff argues that because defendant received actual notice, any defect in service must be disregarded. Defendant responds that actual notice does not

make service adequate if the summons and complaint were not served in a manner reasonably calculated to apprise defendant of the action. Again, we agree with defendant.

ORCP 7G directs the court to "disregard any error in the * * * service of the summons that does not materially prejudice the substantive rights of the party against whom summons was issued." Adequate service, however, "is, itself, a prerequisite to disregarding errors in the content or service of a summons under the authority of the second sentence of ORCP 7G." *Edwards v. Edwards, supra,* 310 Or at 681; *see also Lake Oswego Review v. Steinkamp, supra,* 298 Or at 614 n 2. "[A]ctual notice is not enough to trigger the application of ORCP 7G." *Levens v. Koser,* 126 Or App 399, 404, 869 P2d 344 (1994); (quoting *Jordan v. Wiser,* 302 Or 50, 58, 726 P2d 365 (1986), *overruled on other grounds by Baker v. Foy, supra,* 310 Or at 228); *see also Luyet v. Ehrnfelt, supra,* 118 Or App at 639 n 8; *Campos v. Chisholm,* 110 Or App 158, 161, 821 P2d 1121 (1991). Because service was not reasonably calculated to apprise defendant of the action, ORCP 7G is inapplicable.

ORCP 12B provides that "[t]he court shall * * * disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party." There is *dictum* in *Duber v. Zeitler,* 118 Or App 597, 601 n 2, 848 P2d 642, *rev den* 316 Or 527 (1993), suggesting that ORCP 12B applies to defects in service of process. We do not address whether that *dictum* accurately states the law. Whether it does or not, the rule applies only to defects that do not affect the "substantial rights" of the parties. Consistent with the case law concerning the parallel language of ORCP 7G, we conclude that the right to receive adequate service is a substantial right. Because defendant did not receive adequate service, ORCP 12B does not aid plaintiff.

Affirmed.