Argued and submitted October 17, 1997, affirmed February 25, petition for review denied August 11, 1998 (327 Or 484)

## Yen Linh Thi PHAM,
*Appellant,*

*v.*

## Steven R. FABER,
*Respondent.*

## (9509-06636; CA A95187)

955 P2d 257

Amy B. Joyce argued the cause for appellant. With her on the briefs was Kathryn E. Jackson.

John M. Eickelberg argued the cause for respondent. With him on the brief was Cavanagh & Zipse.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

### WARREN, P. J.

The issue in this personal injury case is whether there was adequate service of summons and complaint on defendant pursuant to ORCP 7. Plaintiff contends that the trial court erred in concluding, as a matter of law, that adequate substituted service was not achieved. Alternatively, if substituted service was not completed, plaintiff argues that the method of service was reasonably calculated to apprise defendant of the action against him, thus satisfying the more general requirement of ORCP 7 D(1). We affirm.

On September 13, 1993, plaintiff was injured in an automobile accident involving defendant. Plaintiff filed a complaint on September 11, 1995, alleging that defendant was negligent in causing the accident.[1] Soon thereafter, plaintiff's process server made multiple unsuccessful attempts to serve defendant personally at a Southeast Portland address.

Plaintiff called as a witness Michael Pham, plaintiff's husband and an employee of the Department of Motor Vehicles (DMV).[2] Pham testified that defendant reported to DMV that he had moved to the Southeast Portland address in March 1995. Additionally, Pham testified that defendant had applied for a duplicate identification card on August 17, 1996, and still listed the Southeast Portland address as his residence.

On September 19, 1995, plaintiff's process server left true copies of the summons and complaint with an individual over the age of 14 who resided at the Southeast Portland address. That individual identified himself as Jeff Faber.[3]

On November 8, 1995, plaintiff delivered to DMV a copy of the summons and complaint along with a service fee.[4]

---

[1] The statute of limitation for this action is two years. ORS 12.110.

[2] Mr. Pham was called for the purpose of identifying and interpreting certain DMV documents.

[3] The record does not indicate how or whether Jeff Faber is related to defendant.

[4] Plaintiff does not assert that valid DMV service of summons was completed pursuant to ORCP 7 D(4)(a).

On that same day, plaintiff mailed a true copy of the summons and complaint by registered mail and by express mail to the Portland address. Both letters were returned unopened. Neither mailing contained the date, time and place at which substituted service had been made at defendant's Southeast Portland address.

Defendant filed an answer on January 8, 1996. In it, he asserted the defense of insufficiency of service of summons or process pursuant to ORCP 21 A(5). At trial, but before empaneling a jury, the trial judge dismissed the action, holding that plaintiff had not adequately served defendant.

Whether defendant was adequately served pursuant to ORCP 7 is a question of law. *See Paschall v. Crisp*, 138 Or App 618, 622, 910 P2d 407 (1996). In *Baker v. Foy*, 310 Or 221, 224, 797 P2d 349 (1990), the court set out a two-part test for determining whether the requirements of ORCP 7 have been satisfied. First, if service is accomplished in accordance with one of the specific methods allowed in ORCP 7, including substituted service, then it is presumptively adequate. If nothing in the record overcomes that presumption, the inquiry ends. Second, if service was not accomplished by one of those specific methods, the court must determine whether the manner of service used satisfies the more general requirement of ORCP 7 D(1), which provides, in part:

"Summons shall be served * * * in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend."

In this case, the complaint was filed on September 11, 1995, two days before the statute of limitations expired. If the summons and complaint were served pursuant to either part of the *Baker* test within 60 days of the filing of the complaint, jurisdiction relates back to the date of the filing, ORS 12.020(2),[5] and the statute of limitations did not expire. The

---

[5] ORS 12.020(2) provides:

"If the first publication of summons or other service of summons in an action occurs before the expiration of 60 days after the date on which the complaint in the action was filed, the action against each person of whom the court by such service has acquired jurisdiction shall be deemed to have been commenced upon the date on which the complaint in the action was filed."

question is whether either part of the *Baker* test was satisfied within 60 days of filing the complaint.

Plaintiff argues that valid substituted service pursuant to ORCP 7 D(2)(b) was completed and that, therefore, under the first step in *Baker*, there is a presumption of adequate service. In the alternative, plaintiff argues that, even if valid substituted service was not completed, under the second step in *Baker*, defendant was adequately served. We disagree with both contentions.

ORCP 7 D(2)(b) allows for substituted service and provides:

> "Substituted service may be made by delivering a true copy of the summons and complaint at the dwelling house or usual place of abode of the person to be served, to any person over 14 years of age residing in the dwelling house or usual place of abode of the person to be served. Where substituted service is used, the plaintiff, *as soon as reasonably possible*, shall cause to be mailed a true copy of the summons and complaint to the defendant at defendant's dwelling house or usual place of abode, *together with a statement of the date, time, and place at which substituted service was made. For the purpose of computing any period of time prescribed or allowed by these rules, substituted service shall be complete upon such mailing.*" (Emphasis supplied.)

The trial court held that substituted service was not accomplished because, first, the subsequent mailing failed to include the "date, time, and place at which substituted service was made"; and second, that the mailing, which was sent out 50 days after delivering the summons and complaint, was not sent "as soon as reasonably possible." The trial court relied on our holding in *Adkins v. Watrous*, 66 Or App 252, 254, 673 P2d 572 (1983), in which we held that "[s]ubstituted service must comply strictly with the statute to be effective."

Plaintiff argues, however, that substituted service is complete when the summons and complaint are delivered to a defendant's residence and left with a resident over the age of fourteen. Plaintiff contends that the mailing requirement is "not a jurisdictional requirement" but is only necessary to start the 30 days allowed for defendant to file a first appearance and avoid a default judgment. *See* ORCP 69.

Plaintiff's argument depends on the interpretation of the last sentence in ORCP 7 D(2)(b): "For the purpose of computing any period of time prescribed or allowed by these rules, substituted service shall be complete upon such mailing."[6] Plaintiff asserts, relying on *Korgan v. Gantenbein,* 74 Or App 154, 158-59, 702 P2d 427 (1985), that the mailing is not required for any time limitation not covered by the ORCP. Plaintiff misinterprets *Korgan.*

In *Korgan,* the plaintiff delivered the summons and complaint to the defendant's dwelling, leaving it with a member of the household over the age of fourteen. The plaintiff did not satisfy the mailing requirement within 60 days. It was conceded by the defendant that he had received actual notice. We stated the question in *Korgan* as whether the plaintiff was "bound to comply with the * * * mailing requirements of ORCP 7 D(2)(b) before service was completed and jurisdiction over defendant attached." 74 Or App at 158. We responded in the negative, saying: "We conclude that the court acquires jurisdiction over a defendant when the summons and complaint are left with a person over 14 living at defendant's usual place of abode." *Id.*

*Korgan,* however, predates the Supreme Court's decision in *Baker.* Thus, we were not guided by its analysis. Further, a careful reading of *Korgan* reveals that we relied on the more general requirement of ORCP 7 D(1), which later became the second step in the *Baker* test: "Because defendant received actual notice of the action from plaintiffs' service, he cannot be heard to complain that the incomplete substituted service without the mailed notice was not reasonably calculated to apprise him of the pendency of the action and to afford him a reasonable opportunity to defend." *Id.* at 159. Thus, in relation to *Baker, Korgan* stands for the proposition that failure to do the follow-up mailing does not fatally

---

[6] The legislative history of ORCP 7 D(2)(b) indicates that the legislature inserted the introductory clause, "for the purpose of computing any period of time prescribed or allowed by these rules," to make clear that reference to completion of service was not directly controlling for computation of the limitations period, which is not set by the ORCP. Or Laws 1979, ch 284, § 9. For time periods controlled by the ORCP, such as motions for default judgment under ORCP 69, the time period begins when the mailing is sent. ORS 12.020, on the other hand, governs statute of limitations questions and relates back to the filing of the complaint.

impair otherwise adequate service under the general requirements of ORCP 7 D(1). However, presumptively valid substituted service requires the follow-up mailing.[7] *See Willis v. Edwards*, 92 Or App 35, 39, 756 P2d 1273 (1988) ("substituted service requires delivery of the documents to a member of the party's household who is over the age of 14, followed by a mailing").

Here, there was a follow-up mailing. However, the trial court found two flaws in that mailing: first, the mailing did not contain a statement of the date, time, and place at which substituted service was made; and second, the mailing was not sent out until 50 days after service at the dwelling and thus, the trial court found, was not sent out "as soon as reasonably possible." *See* ORCP 7 D(2)(b). The question becomes whether either of those errors invalidates substituted service.

It is clear from the record that plaintiff never intended the mailings in this case to complete substituted service. She sent them out on the same day that she served a copy of the summons and complaint on DMV. ORCP 7 (D)(a)(I) provides, in limited circumstances, for service on DMV for actions involving motor vehicles when a defendant "cannot be served with summons by any method specified in subsection 3 D of this rule." Service on DMV also requires plaintiff to send a follow-up mailing to all known addresses of the defendant. Here, the mailing was an attempt to complete DMV service. On appeal, plaintiff does not assert that she accomplished valid DMV service.

---

[7] Our holding is supported by the intent of the drafters of the ORCP. Professor Merrill, in his compilation of the legislative history surrounding the adoption of the ORCP wrote:

"After delivery at the defendant's dwelling house or usual place of abode, substituted service requires a mailing of a true copy of the summons and complaint to such dwelling house or usual place of abode, together with a statement of the date, time, and place at which the substituted service was made. The mailing must be made as soon as reasonably possible. *In any case, service of summons is not complete until the supplementary mailing takes place.*" Frederic R. Merrill, *Jurisdiction and Summons in Oregon* 154 (1986) (emphasis supplied).

■ However, plaintiff argues that this follow-up mailing, which attempted to complete service on DMV, also completes substituted service even if it failed to contain the date, time and place of substituted service and was not sent out until 50 days after the process server initiated substituted service. We disagree. "Substituted service must comply strictly with the statute to be effective." *Adkins*, 66 Or App at 254. Here, the mailing did not contain the time, place and manner of substituted service. Additionally, the trial court found, and the evidence supports that finding, that there was no reasonable excuse for the lengthy delay in the follow up mailing. Thus, the mailing did not comply strictly with the statutory requirements of substituted service.[8]

Plaintiff argues, however, that the technical defect and delay should be disregarded pursuant to ORCP 7 G, which provides, in part:

> "The court * * * shall disregard any error in the content of or service of summons that does not materially prejudice the substantive rights of the party against whom summons was issued."

■ However, application of Rule 7 G is dependant on there first being adequate service. As we have held: "Adequate service * * * is, itself, a prerequisite to disregarding errors in the content or service of a summons under the authority of the second sentence of ORCP 7 G.'" *Murphy v. Price*, 131 Or App 693, 699, 886 P2d 1047 (1994), *rev den* 321 Or 137 (1995) (quoting *Edwards v. Edwards*, 310 Or 672, 681, 801 P2d 782 (1990)). *But see Korgan*, 74 Or App at 159 ("technical errors in service, such as failure to comply with one of the specified procedures, are disregarded if they do not materially prejudice the rights of the party served"). The reason is that adequate service is a substantial right. *Murphy*, 131 Or App at 699. If the procedural requirements of ORCP 7 D(2)(b) are not complied with, ORCP 7 G does not validate an otherwise inadequate substituted service. Thus, plaintiff's service was not presumptively valid and we proceed to the second step of the *Baker* test.

---

[8] We do not address what length of time is covered by "as soon as reasonably possible" except to note that, in this instance, 50 days does not comply.

■ Under that step, the question is whether the summons was served in a manner "reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action."[9] *See* ORCP 7 D(1). We determine whether the reasonable notice standard of ORCP 7 D(1) is satisfied by examining the totality of the circumstances as they were known to the plaintiff at the time of service. *Murphy*, 131 Or App at 696-97. The burden is on the plaintiff to show adequate service of summons if the manner chosen is not one of those presumptively valid forms of service listed in ORCP 7 D(2). *Edwards*, 310 Or at 679.

We have held that service on a third person may be adequate under ORCP 7 D(1) if the process server has reason to believe that the person with whom the summons and complaint have been left has regular, frequent and predictable contact with the defendant. *Duber v. Zeitler*, 118 Or App 597, 848 P2d 642, *rev den* 316 Or 527 (1993). In *Duber*, the plaintiff served the defendant's former wife at her residence. *Id*. at 599. The facts indicated that the defendant frequently and predictably visited that address to visit his children and pick up his mail. *Id*. The wife acknowledged that she did deliver the summons and complaint to the defendant, and thus the trial court found that the defendant had "actual notice." *Id*. On those facts, we held that ORCP 7 D(1) was satisfied.

Similarly, we have held that service on a defendant's bookkeeper, who was employed to pay the defendant's bills and take care of other miscellaneous personal business affairs, satisfied the reasonable notice requirement of ORCP 7 D(1). *Boyd and Boyd*, 131 Or App 194, 199-200, 884 P2d 556 (1994), *rev den* 320 Or 507 (1995). In *Boyd*, the defendant had no permanent address, and "[t]he bookkeeper's office was the only known link [the defendant] and was designated by him as a place to receive correspondence relating to his personal affairs." *Id*. at 199. We concluded that "the arrangement implies that [the defendant] maintained regular, frequent

---

[9] The quoted language was taken directly from the United States Supreme Court opinion in *Mullane v. Central Hanover Bank and Trust Co.*, 339 US 306, 314, 70 S Ct 652, 657, 94 L Ed 865, 873 (1950), which interpreted the due process requirements of service of process. The drafters of ORCP 7 D(1) intended that no particular manner of service would be absolutely required, but that all manners of service would be tested in terms of effective notice rather than in terms of compliance with formality. *See* Merrill, *Jurisdiction and Summons in Oregon* 138.

and predictable contacts with the bookkeeper." *Id.* at 199. As in *Duber*, the defendant received "actual notice" of the action.

In *Gallogly v. Calhoun*, 126 Or App 366, 869 P2d 346, *rev den* 319 Or 149 (1994), we held that service on a defendant lawyer's grandmother, at her home, followed by service by regular mail, was adequate under ORCP 7 D(1), because the defendant had designated that address as the place to receive professional correspondence. In *Gallogly*, the plaintiff learned that the defendant could not be located at either the address listed with the DMV or the address listed in the Oregon State Bar (OSB) directory. *Id.* at 370. The only address that could be linked to the defendant was an address he voluntarily gave to OSB several months before the date of service. *Id.* There we found it significant that "[w]hen a lawyer gives an address to OSB, at which communications about his or her profession can be delivered, that is a significant representation that that address is a place at which the lawyer intends to receive notice of important information." *Id.* Copies were also sent by regular mail to that address. This court held that the service was adequate, although "actual notice" was not asserted.

More recently, we held that adequate service was accomplished when a process server left the summons and complaint with a receptionist on the floor of the office where the defendant regularly worked.[10] *See Hoeck v. Schwabe, Williamson & Wyatt*, 149 Or App 607, 618, 945 P2d 534 (1997). In *Hoeck*, the plaintiff followed up service with notice by certified mail to that same location. *Id.* We noted:

> "We have held that service by unrestricted mail *by itself* is not adequate to satisfy the reasonable notice requirements of ORCP 7 D(1). We have *not* held that follow-up mailing by unrestricted delivery, coupled with other forms of service, cannot suffice. Our decision in *Gallogly*, in fact, expressly held that substituted service[11] followed by service by regular mail was sufficient." *Id.* (emphasis in original, citations omitted).

---

[10] We held that the requirements for office service, ORCP 7 D(3)(a)(I), were not complied with because the plaintiff did not first attempt service at the defendant's "dwelling house or usual place of abode" as required by that rule.

[11] Although in *Hoeck* we referred to the service in *Gallogly* as "substituted service," that is not technically correct. Before the adoption of the ORCP, "substituted service" meant any service other than personal service. Upon adoption of the

The record reveals the following facts known to plaintiff at the time of attempted service.[12] Plaintiff learned through the DMV that defendant listed a Portland address. Plaintiff's process server attempted twice to serve defendant personally at that address. On the third attempt, he left the summons and complaint with an individual who identified himself as Jeff Faber. Nothing in the record indicates that Jeff Faber agreed to give the summons and complaint to defendant or whether Jeff Faber indicated that defendant even lived there. Later, plaintiff mailed a copy of the summons and complaint to that same address by registered and express mail. Defendant does not concede, and plaintiff does not assert, that Steven Faber received actual notice.

On these facts, we do not conclude that plaintiff's attempted service was reasonably calculated to apprise defendant of the existence and pendency of the action and to afford him a reasonable opportunity to defend. Plaintiff knew only that defendant had listed that address with the DMV. Nothing in the record provides other evidence that defendant resided there.[13] Additionally, although Jeff Faber answered the door, the process server failed to inquire into his relationship with defendant. He did not inquire into whether defendant lived there, whether Jeff Faber was in contact with defendant, or ask any questions leading the process server to believe that defendant would actually receive the summons and complaint. Because the mailings were sent based on the same inadequate information, they add nothing to the reasonable likelihood that defendant would receive notice.

ORCP, however, substituted service is a specific type of service only accomplished if the requirements of ORCP 7 D(2)(b) are satisfied. In *Gallogly*, the defendant's grandmother's house was not his dwelling house or usual place of abode, so, technically, it was not substituted service.

[12] Certain facts are not considered because they were learned after the fact or are not present in the record. First, plaintiff never asserts that the facts brought out in the testimony of Pham were known to plaintiff at the time of service. We, therefore do not consider them. Second, defendant asserts that plaintiff's process server knew of a second address that was never investigated. However, the record only contains defense counsel's assertions and nothing in the record supports those assertions.

[13] The trial court's subsequent finding that defendant did, in fact, reside at that residence is of no significance. We are concerned only with what plaintiff knew at the time of service.

Given only those facts, the trial court did not err in dismissing this action based on defendant's affirmative defense of inadequate service of process.

Affirmed.