Argued and submitted July 10, reversed and remanded September 25, 2002

Jane Marie WILLIAMS,
*Appellant,*

*v.*

Kristi J. JETT, M.D.,
*Respondent.*

00CV0240ST; A114621

54 P3d 624

Joel S. DeVore argued the cause for appellant. With him on the briefs was Luvaas, Cobb, Richards & Fraser, P.C.

Sarah R. Troutt argued the cause for respondent. With her on the brief were Michael C. McClinton and McClinton & Troutt LLC.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

HASELTON, P. J.

**HASELTON, P. J.**

Plaintiff appeals from a summary judgment dismissing her malpractice complaint against the defendant doctor on the ground that plaintiff's claim was time barred for failure to adequately serve defendant within the applicable limitations period. Plaintiff argues that the service here was adequate under ORCP 7 D(1) because it was reasonably calculated, under the totality of the circumstances, to apprise defendant of the action, and that the trial court erred in concluding that plaintiff had failed to timely serve defendant.[1] We agree with plaintiff and, consequently, reverse and remand.

For purposes of our review, the material facts are as follows. Defendant is a medical doctor specializing in gynecology and gynecological surgery. At some point before June 1998, plaintiff consulted with defendant after plaintiff experienced chronic pelvic pain. On June 1, 1998, defendant performed exploratory surgery to determine the source of that pain. During that procedure, defendant removed plaintiff's right ovary. Later that day, plaintiff was discharged from the hospital, but returned after suffering persistent and increasing pain, nausea, and chills. On June 2, 1998, another doctor performed emergency surgery on plaintiff to repair a perforation in plaintiff's small intestine that had apparently occurred during the earlier surgery performed by defendant.

On May 31, 2000, plaintiff filed this medical malpractice action against defendant. Thereafter, on Friday June 2, 2000, Deschutes County Sheriff Greg Brown delivered the summons and complaint to defendant's office, leaving the papers with the person who, according to the sheriff, was "apparently in charge." The following Monday, June 5, the sheriff completed the return of service. The next day, June 6, plaintiff filed a return of service with the court. Also on June 6, defendant's attorney sent a letter to plaintiff's counsel acknowledging receipt of the complaint and asking

---

[1] Plaintiff also raises several arguments regarding whether defendant waived any objections to personal jurisdiction in this case. Given our disposition, we do not reach the merits of those arguments.

that plaintiff not seek a default judgment without first notifying defendant's counsel. That letter stated:

"I will be representing Dr. Jett in this case.

"I have just received a copy of the complaint you have filed but do not yet have the doctor's chart. As soon as I have it, I will review it and then enter an appropriate appearance. In the meantime, pursuant to ORCP 69, please do not apply for a default without prior written notice to me.

"I look forward to working with you on this case."[2]

Thereafter, plaintiff undertook no further actions to effect service on defendant. In particular, plaintiff did not send a follow-up mailing pursuant to ORCP 7 D(2)(c).

On August 30, 2000, defendant filed her answer to plaintiff's complaint, raising the affirmative defenses of insufficient service of process and failure to commence the action within the time limited by statute. ORCP 21 A(9). Defendant then moved for summary judgment on both the merits of plaintiff's action and on the ground that plaintiff's claim was time barred because plaintiff had not effected adequate service within the applicable limitations period. The trial court agreed with defendant's related insufficiency of service and statute of limitations arguments, and entered a judgment dismissing plaintiff's claims with prejudice.[3]

On appeal, the principal issue is whether plaintiff's efforts to serve defendant constitute adequate service for purposes of ORCP 7. *Baker v. Foy*, 310 Or 221, 228-29, 797 P2d 349 (1990), frames the inquiry. Under *Baker*, the court must answer two questions. First, was the method of service one of the methods described in ORCP 7 D(2) and specifically permitted for use on the particular defendant under ORCP 7 D(3)? If so, service is presumptively effective. Second, if the

---

[2] Although there is no sworn testimony establishing the date that plaintiff's counsel received defendant's counsel's June 6 letter, in briefing before the trial court, plaintiff's trial counsel represented that he received that letter on June 7, 2000.

[3] At the same time, the court addressed, and rejected, the substance of defendant's alternative ground for summary judgment, which pertained to the merits of plaintiff's malpractice claim. That aspect of the court's disposition is not at issue on appeal.

presumption of adequacy is rebutted or if presumptively adequate service is not accomplished, was the method of service "reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend"? *Id.*; ORCP 7 D(1). *See also Davis Wright Tremaine, LLP v. Menken*, 181 Or App 332, 337, 45 P3d 983 (2002) (summarizing *Baker* methodology).

■     Here, the parties agree that the answer to the first inquiry is "no." ORCP 7 D(3)(a)(i) provides that individuals can be served personally, or by substituted, office, or mail service. Nothing in the record suggests that plaintiff sought to effect personal, substituted, or mail service on defendant. Further, although the sheriff delivered the summons and complaint to defendant's office, plaintiff did not effect "office service" under ORCP 7 D(2)(c), because plaintiff failed to follow up that delivery by mailing a copy of the summons and complaint to defendant. ORCP 7 D(2)(c).[4] Thus, the disposition of this appeal turns on *Baker*'s second inquiry, *viz.*, whether the method of service satisfied the "reasonable notice" standard of ORCP 7 D(1).

■     It is useful at the outset to emphasize what plaintiff is *not* arguing. Plaintiff is not arguing that the sheriff's mere delivery of the summons and complaint to the person "apparently in charge" of defendant's office was sufficient to satisfy ORCP 7 D(1). Nor is plaintiff invoking some elemental notion of actual notice—that is, that defendant's counsel's actual receipt of the pleadings and defendant's consequent ability to respond and defend excused any noncompliance with the

---

[4] ORCP 7 D(2)(c) provides:

"If the person to be served maintains an office for the conduct of business, office service may be made by leaving a true copy of the summons and the complaint at such office during normal working hours with the person who is apparently in charge. Where office service is used, the plaintiff, as soon as reasonably possible, shall cause to be mailed, by first class mail, a true copy of the summons and the complaint to the defendant at the defendant's dwelling house or usual place of abode or defendant's place of business or such other place under the circumstances that is most reasonably calculated to apprise the defendant of the existence and pendency of the action, together with a statement of the date, time, and place at which office service was made. For the purpose of computing any period of time prescribed or allowed by these rules or by statute, office service shall be complete upon such mailing."

requirements of ORCP 7 D. *Accord Jordan v. Wiser*, 302 Or 50, 60, 726 P2d 365 (1986) (actual notice cannot make service adequate under ORCP 7 if the summons is not served in a manner reasonably calculated to apprise the defendant of the existence and pendency of the action against him or her); *Murphy v. Price*, 131 Or App 693, 699, 886 P2d 1047 (1994), *rev den*, 321 Or 137 (1995) (right to receive adequate service of summons as defined by ORCP 7 and related case law is a "substantial right" for purposes of ORCP 12 B; actual notice is insufficient to excuse noncompliance with ORCP 7).

Rather, plaintiff's argument is much more precise: ORCP 7 D(1) was satisfied without further efforts by plaintiff where (1) plaintiff undertook the first step towards presumptively sufficient office service (delivery of summons and complaint to the person "apparently in charge" at defendant's office); and then (2) during the period for reasonably completing that service by way of a follow-up mailing, but before that mailing was accomplished, defendant's counsel informed plaintiff's counsel that he had received a copy of the complaint and was preparing to enter an "appropriate appearance." As plaintiff's appellate counsel aptly acknowledged at oral argument, the premise of plaintiff's position is that, in this case, "all of the circumstances" for purposes of ORCP 7 D(1) must be viewed as a "camcorder video," and not as a "snapshot." That is, whether the method of service comported with ORCP 7 D(1) cannot be determined as of the "snapshot" moment when the summons and complaint were delivered to defendant's office on June 2. Rather, the material totality of the circumstances encompassed the entire temporal window during which the follow-up mailing would reasonably have been accomplished—at least up to, and including, June 7—and the sufficiency of service must be viewed in the light of the evolving circumstances, including defendant's counsel's letter.

Defendant, unsurprisingly, espouses the "snapshot" view. She asserts that the only circumstances that we can consider in assessing the validity of service ended with the sheriff's delivery of the summons and complaint to defendant's office on June 2, and cannot include the subsequent receipt of defendant's counsel's letter.

For the reasons that follow, we agree with plaintiff that, in this case, "all of the circumstances" for purposes of ORCP 7 D(1) includes all circumstances occurring during the period in which a follow-up mailing reasonably could have been accomplished, specifically including the receipt of defendant's counsel's June 7 letter. *See Stull v. Hoke*, 153 Or App 261, 268, 957 P2d 173, *rev den*, 327 Or 621 (1998); *Korgan v. Gantenbein*, 74 Or App 154, 702 P2d 427 (1985). We further conclude that, when so assessed, plaintiff's method of service in those circumstances comported with ORCP 7 D(1).

In *Stull*, the plaintiff filed various tort claims against the defendant, Hoke, and Hoke's attorneys, including defendant Antal. The plaintiff's process server left the summons and complaint for Antal with a receptionist at Antal's law office. Shortly after delivering the papers to Antal's receptionist, the process server returned and asked if Antal had received the summons. The receptionist replied that she had delivered the papers to Antal, who was reading them. *Stull*, 153 Or App at 265. The plaintiff did not follow up that attempted service with a mailing, and there was "no evidence that the receptionist was Antal's authorized agent for purposes of service." *Id.*

The trial court granted Antal's motion to dismiss under ORCP 21 A(5) and, on appeal, we ultimately reversed that dismissal.[5] We first noted that the plaintiff had failed to effect presumptively adequate service on Antal. *Stull*, 153 Or App at 267. We then went on to consider whether the plaintiff had nevertheless satisfied *Baker*'s second prong. In assessing the totality of the circumstances, we considered the fact that the process server had returned to Antal's office and inquired if Antal had received the papers:

---

[5] The opinion in *Stull* reported at 153 Or App 261 was our opinion following a remand from the Supreme Court. *See Stull v. Hoke*, 326 Or 72, 948 P2d 722 (1997) (affirming in part and reversing in part our opinion in *Stull v. Hoke*, 141 Or App 150, 917 P2d 69 (1996), and remanding to this court for further proceedings). Our prior opinion, and the Supreme Court's opinion, did not address the adequacy of service on Antal, but instead rested on entirely different grounds. In our opinion on remand in *Stull*, we also addressed the sufficiency of service on another defendant, Antal's former law firm. That analysis is not material to our discussion and disposition here.

> "In determining whether the totality of the circumstances indicates that the service of summons was reasonably calculated to provide Antal with notice of the action and a reasonable opportunity to appear and defend, we focus on what plaintiff and his agent, the process server, knew at the time of the purported service. *Baker*, 310 Or at 225 n 6. Here, the process server went to Antal's office and delivered the complaint and summons to a receptionist. Thereafter, she returned to Antal's office and inquired if Antal had received the papers. The process server was told by the receptionist that Antal had received the papers and, in fact, was reading them. Those facts demonstrate that the actions of the process server, in light of what was known to her at the time, were 'reasonably calculated' to provide notice of the pendency of the action and that it was not a mere 'happenstance' that Antal received notice of the pending litigation. Accordingly, the trial court erred by allowing Antal's motion to dismiss on the ground of improper service."

*Id.* at 268 (footnote omitted). Thus, we implicitly, but necessarily, assessed the sufficiency of service by reference not only to the circumstances as of the time the process server delivered the summons and complaint to the receptionist but also, beyond that, to include circumstances occurring thereafter, when the process server returned to the office and was told that the defendant was reading the papers. That is, we engaged in a "camcorder video," and not a "snapshot," view of "all the circumstances" in assessing whether, notwithstanding the absence of any follow-up mailing, the method of service comported with ORCP 7 D(1).

The facts in *Korgan*, which antedated *Stull*, were similar to those in this case. There, the plaintiffs' cause of action for legal malpractice accrued on December 1, 1980, and the plaintiffs filed their legal malpractice action on November 19, 1982, within the two-year statute of limitations. On December 10, 1982, a copy of the summons and complaint was delivered to a person over the age of 14 who was living at the defendant's residence. On December 23, the defendant's attorney wrote to the plaintiffs' attorney and requested an extension of time to appear. *Korgan*, 74 Or App at 156. On February 1, 1983, the defendant moved to dismiss for insufficiency of service and expiration of the statute of

limitations, asserting that the plaintiffs had never made a follow-up mailing of the summons and complaint to the defendant's residence. *Id.*

The trial court granted the motion to dismiss, and we reversed. As pertinent here, we concluded that the plaintiffs' method of service was reasonably calculated to apprise the defendant of the pendency of the action and to afford a reasonable opportunity to defend. *Korgan*, 74 Or App at 159. We further concluded that, because the defendant had actual notice of the pendency of the action, as evidenced by his attorney's letter, he could not "be heard to complain that the incomplete substituted service" somehow materially prejudiced his rights. *Id.*

In *Pham v. Faber*, 152 Or App 634, 955 P2d 257, *rev den*, 327 Or 484 (1998), we revisited *Korgan* in light of *Baker*. In doing so, we clarified that actual notice could not cure "technical" deficiencies in service that would otherwise constitute presumptively valid substituted service but for the absence of a follow-up mailing. *Pham*, 152 Or App at 640-41. Further, we clarified and reiterated *Korgan*'s core holding, *viz.*, that, under the totality of the circumstances there, including the defendant's attorney's letter to the plaintiffs' counsel less than two weeks after the residential delivery, the method of service was sufficient under ORCP 7 D(1) notwithstanding the lack of a follow-up mailing:

> "Thus, in relation to *Baker*, *Korgan* stands for the proposition that failure to do the follow-up mailing does not fatally impair otherwise adequate service under the general requirements of ORCP 7 D(1)."

*Pham*, 152 Or App at 639-40.

*Stull* and *Korgan* (as clarified in *Pham*) thus confirm that the "window" for evaluating the sufficiency of service in this case for purposes of ORCP 7 D(1) encompasses, at least, plaintiff's attorney's receipt of defendant's attorney's June 6 letter. Here, defense counsel mailed the June 6 letter only two business days after the sheriff delivered the summons and complaint to defendant's office. Under *Stull*, that fact is appropriately considered as part of the totality of the circumstances for evaluating service in this case. In particular,

ORCP 7 D(2)(c), describing office service, indicates that a follow-up mailing must be made by a plaintiff "as soon as reasonably possible" after delivery of the papers to a defendant's office. The parties do not dispute that, whatever a "reasonable" period of time might be for purposes of that rule, plaintiff's attorney here received defense counsel's letter before that window of "reasonableness" closed. Thus, the receipt of that letter is appropriately part of "all the circumstances" for purposes of ORCP 7 D(1).[6]

We turn, then, to whether plaintiff's efforts to serve defendant comported with ORCP 7 D(1). The relevant circumstances include the fact that the sheriff delivered the summons and complaint to defendant doctor's professional office and gave those papers to the person who, from the sheriff's perspective, was "apparently in charge." Thereafter, within the permissible time period for making a follow-up mailing, plaintiff's attorney received a letter from defense counsel indicating that he had obtained a copy of the complaint and would respond accordingly. Finally, the record does not indicate that plaintiff took any additional steps to serve defendant.

In assessing those circumstances, we again find *Korgan* and *Stull* to be instructive. In *Korgan*, the delivery of the summons and complaint at the defendant's residence, when coupled with the defendant's attorney's letter less than two weeks later requesting an extension of time to appear, was held sufficient to satisfy ORCP 7 D(1) notwithstanding the lack of any follow-up mailing. Implicit in, and necessary to, that holding was our conclusion that once the plaintiffs' attorney received the defendant's lawyer's letter, an objectively reasonable person in the plaintiffs' position would have understood that a follow-up mailing was no longer necessary to reasonably apprise the defendant of the pendency of the action and the need to appear, because the defendant knew

---

[6] At oral argument, defendant sought to distinguish *Stull* from the facts presented here. Defendant argued that any delay there between the process server's delivery of process and when the process server learned of defendant's actual receipt of those papers was so short that the two events occurred "practically simultaneously." As we have explained, however, the time lapse here, though greater than that in *Stull*, fell within the time during which defendant could reasonably have made a timely follow-up mailing.

about the action and was appearing. That is, in *Korgan*, as of the receipt of the December 23 letter within the reasonable "window" for sending a follow-up mailing, the plaintiffs would reasonably have believed that their efforts comported with ORCP 7 D(1).

The same was true in *Stull*. Because of information communicated to the plaintiff and his agent after the office delivery, but still during the reasonable "window" period for a follow-up mailing, the office delivery was deemed sufficient to satisfy ORCP 7 D(1) notwithstanding the lack of a follow-up mailing. In the totality of those circumstances, an objectively reasonable person in the plaintiff's position would have understood during the relevant time period that no further steps were necessary for the method of service to satisfy ORCP 7 D(1).

The same is true here. As in *Stull*, plaintiff delivered the summons and complaint to a person at defendant's professional address who plaintiff could reasonably assume would deliver the papers to defendant. *Stull*, 153 Or App at 267-68; *see also Hoeck v. Schwabe, Williamson & Wyatt*, 149 Or App 607, 945 P2d 534 (1997) (process server was not obligated to establish affirmatively that the law office receptionist had a business duty to receive service where circumstances warranted inference of regular contact between attorney and office staff member); *Boyd and Boyd*, 131 Or App 194, 199, 884 P2d 556 (1994), *rev den*, 320 Or 507 (1995) (service at the defendant's bookkeeper's office was sufficient under ORCP 7 D(1) notwithstanding lack of evidence that the bookkeeper was authorized to receive service on the defendant's behalf or that the defendant had regular, frequent, and predictable contacts with the bookkeeper).

Further, as in *Korgan* and *Stull*, plaintiff's failure to do the follow-up mailing was not fatal because plaintiff could reasonably conclude, based on defense counsel's representations, that defendant had received the summons and complaint and, thus, was afforded an opportunity to appear and defend against the suit. *See Korgan*, 74 Or App at 158-59 (addressing the defendant's attorney's letter request for an extension of time to appear); *Stull*, 153 Or at 268 (discussing receptionist's assurance that defendant Antal had received

and was reading the papers). We therefore conclude that plaintiff's efforts were "reasonably calculated, under all the circumstances" to afford defendant notice of the pending action. ORCP 7 D(1). Consequently, the trial court erred in awarding defendant summary judgment on the ground that plaintiff's claim was time barred for failure to properly serve defendant within the applicable limitations period.

Reversed and remanded.