No. 215          March 12, 2025          777

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Talitha Lacey COMBS,
aka Talitha Lacey Randall,
an individual,
*Plaintiff-Appellant,*

*v.*

THE HARTFORD INSURANCE,
a corporation,
*Defendant,*

*and*

URBAN RESTAURANT GROUP,
a corporation; Gordan Hotel Restaurant, LLC,
aka Gordon Tavern, a limited liability company;
Mark Byrum, an individual, in his official capacity as
Chief Executive Officer of Urban Restaurant Group; Shayla
Swanson, an individual, in her capacity as
General Manager of Gordon Tavern;
and Jacob Hinrichs, and individual, in his official capacity
as Lead Chef of the Gordon Tavern,
*Defendants-Respondents.*

Lane County Circuit Court
23CV23520; A182807

Michelle P. Bassi, Judge.

Submitted October 18, 2024.

Talitha L. Combs filed the briefs *pro se*.

Garrett T. Urrutia, Daniel S. Reynolds, Randall P. Sutton, and Saalfeld Griggs, PC, filed the brief for respondents.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Plaintiff, appearing self-represented at all relevant times, appeals from a trial court judgment that dismissed for insufficient service of process her complaint against multiple defendants. In a single assignment of error, plaintiff argues that the trial court erred in dismissing her complaint because service was adequate under ORCP 7 D(1). She contends that service was reasonably calculated, under the totality of the circumstances, to apprise defendants of the action. We disagree, and therefore affirm.

We recount only the undisputed facts necessary to give context to our decision. Plaintiff filed a complaint on June 13, 2023, against Urban Restaurant Group, Gordon Hotel Restaurant, LLC, Mark Byrum, Shayla Swanson, and Jacob Hinrichs (collectively, defendants).[1] In the days before filing the complaint, plaintiff left a handwritten notice of intent to sue and a "true copy of the original complaint" with the bartender on duty at the Gordon Hotel. After filing the complaint, plaintiff filed certificates of service claiming to have made various attempts at service on defendants via email, first-class mail, and "snail mail."[2] According to the certificates of service, several of those attempts were for service of only a summons without a complaint.

On July 17, 2023, plaintiff filed a motion for order of default against all defendants for failure to appear, which the trial court denied, finding that plaintiff "ha[d] failed to serve any Defendants." On July 28, 2023, plaintiff received a response via email from Michael Gottlieb, informing her that defendants had retained defense counsel to defend against her claims. On August 7, 2023, plaintiff moved the court to allow service by email on all defendants. The court denied the motion, noting that plaintiff "fail[ed] to establish why service is not possible under any method pursuant to ORCP 7 and how the proposed alternative method of service

---

[1] Plaintiff filed an amended complaint on June 29, 2023, which added Hartford Insurance as a defendant. The trial court dismissed all claims against Hartford Insurance, and plaintiff does not appeal that judgment.

[2] Plaintiff's certificates of service often referred to "snail mail," which we assume is a colloquial reference to traditional United State Post Office first-class mail.

is reasonably calculated to apprise defendants of the action." On August 15, 2023, plaintiff filed a notice of intent to move again for order of default, for the same reason as her first motion. In response, on August 25, 2023, defendants filed a motion to dismiss for insufficiency of service, pursuant to ORCP 21 A(1)(e), alleging that, as of the date of the motion, plaintiff had not properly served any of the defendants. The trial court held a hearing on defendants' motion on October 9, 2023. Subsequently, the court granted by order defendants' motion to dismiss and entered a judgment dismissing plaintiff's complaint, which, notably, was marked "without prejudice." Plaintiff appeals.

"Whether service was sufficient presents a question of law." *Hoeck v. Schwabe, Williamson & Wyatt*, 149 Or App 607, 615, 945 P2d 534 (1997). We assess the adequacy of service following a two-step methodology. *Davis Wright Tremaine, LLP v. Menken*, 181 Or App 332, 337, 45 P3d 983 (2002). First, if service was made according to one of the methods described in ORCP 7 D(2) and permitted for use upon the particular defendant by ORCP 7 D(3), then "service is presumptively adequate." *Id.* If service is not presumptively adequate, the court moves to the second step of the analysis and considers whether the manner of service employed by plaintiff satisfies the reasonable notice standard set forth in ORCP 7 D(1). *Id.* ORCP 7 D(1) provides that summons "shall be served *** in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." ORCP 7 D(1). "ORCP 7 D(1) focuses not on the defendant's subjective notice but, instead, on whether the plaintiff's conduct was objectively, reasonably calculated to achieve the necessary end." *Davis Wright Tremaine*, 181 Or App at 339.

Plaintiff's attempts at service consisted of (1) personal delivery, before filing suit, of various documents to the bartender at the Gordon Hotel, (2) service via email; and (3) service via mail to some of the defendants. Plaintiff concedes that she did not effectuate presumptively adequate service. Therefore, the only issue is whether plaintiff's attempts at service were reasonably calculated under the totality of the

circumstances to apprise defendants of the action. For the following reasons, we conclude that they were not.

With respect to plaintiff's hand-delivery of documents to the bartender prior to filing suit, plaintiff cites no legal authority suggesting that attempted service prior to filing a lawsuit can constitute reasonable notice. Indeed, there can be no summons until after the action is commenced. *See* ORCP 7 B (stating that at any time "after the action is commenced," a plaintiff may issue and deliver the summons). Plaintiff also does not contend that the documents she attempted to serve were a true copy of both the summons and complaint. *See* ORCP 7 D(1), (2) (requiring service of both the summons and complaint). Furthermore, plaintiff asserted no reliable indication, other than her own subjective belief, that the bartender was authorized to accept service or would deliver the documents to defendants. *See* ORCP 7 D(1) (authorizing service either upon a defendant or on an agent authorized to receive service for the defendant); *Stull v. Hoke*, 153 Or App 261, 271, 957 P2d 173, *rev den*, 327 Or 621 (1998) (service was not "reasonably calculated" to apprise the defendant of the action where the plaintiff left the complaint and summons with an unauthorized person at the defendant's office without any inquiry into or assurance of delivery).

Plaintiff's attempted service on defendants via email, first-class mail, and "snail mail" similarly fail to meet the standard articulated in ORCP 7 D(1). In several of those attempts, plaintiff neglected to include a true copy of both the summons and complaint. *See* ORCP 7 D(1), (2) (requiring service of both). With respect to email service, plaintiff states no legal basis in support of her argument that such service is reasonably calculated to apprise defendants of the action. With respect to mail service, plaintiff acknowledges that she did not attempt to serve defendants via "certified, registered, or express mail with return receipt requested." ORCP 7 D(2)(d)(i). We have previously held that, "as a general rule, service by mail on an individual must be by restricted delivery—*i.e.*, only the person being served can either accept or refuse the mailing—to satisfy the reasonable notice standard of ORCP 7 D(1)." *Davis Wright Tremaine*, 181 Or App at

341. Outside of that general rule, plaintiff fails to establish that any of her service methods provided "some more particularized assurance or confirmation of delivery to the defendant * * * sufficient to satisfy ORCP 7 D(1)." *Id.* at 343. Nor does any eventual response by defendant suffice to establish adequate service. *Id.* at 338-39 ("[L]egally, under Oregon's sufficiency of service rules and related jurisprudence, actual notice is, essentially, irrelevant."). In sum, we conclude that plaintiff's various efforts at service, whether viewed individually or in combination, were not reasonably calculated to apprise defendants of the action against them.

Finally, we reject plaintiff's argument that, under ORCP 7 G, we must disregard any error in service because any such error did not materially prejudice defendants' substantive rights.[3] ORCP 7 G provides that a court shall disregard errors in service "[i]f service is made in any manner complying with [ORCP 7] D(1)." ORCP 7 G. "[A]pplication of Rule 7 G is dependent on there first being adequate service." *Pham v. Faber*, 152 Or App 634, 641, 955 P2d 257, *rev den*, 327 Or 484 (1998). Here, service was not reasonably calculated to apprise defendant of the action, and therefore ORCP 7 G is inapplicable. *Murphy v. Price*, 131 Or App 693, 699, 886 P2d 1047 (1994), *rev den*, 321 Or 137 (1995). We conclude that the trial court did not err when it dismissed plaintiff's claims against defendants.

Affirmed.

---

[3] ORCP 7 G provides in relevant part:

"The court shall disregard any error in the content of a summons that does not materially prejudice the substantive rights of the party against whom the summons was issued. If service is made in any manner complying with subsection D(1) of this rule, the court shall also disregard any error in the service of a summons that does not violate the due process rights of the party against whom the summons was issued."